HARRINGTON v BROWN BROTHERS, INC

Docket No. 63789. Decided August 28, 1980. On application by plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the order of the Worker's Compensation Appeal Board and remanded the case for reconsideration.

A hearing referee of the Worker's Compensation Appeal Board, on May 25, 1978, approved an agreement to redeem the claim of Gerard J. Harrington against his employer Brown Brothers, Inc., for a back injury he suffered in 1959 in the course of his employment. Fifteen days after the approval, the defendant employer applied to the Bureau of Workers' Disability Compensation for review of the redemption agreement and order. The Chief Deputy Director of the bureau, after a hearing, set aside the order on November 27, 1978. Harrington had died of cancer on June 17, 1978. The Worker's Compensation Appeal Board denied a petition for review brought by the plaintiff's widow Joyce Harrington, deciding that the statutory right of the parties to appeal the order of approval within 15 days of the order reflected a policy that a party may have a "change of heart" and withdraw from the agreement within that time. The Court of Appeals, Allen, P.J., and R. B. Burns and T. M. Burns, JJ., denied leave to appeal (Docket No. 44478). The plaintiff applies for leave to appeal. *Held:*

The Worker's Compensation Appeal Board has not correctly read or applied the statutory provisions concerning appeal from a redemption order. The policy of automatically setting aside the order of approval of a redemption agreement if one of the parties has a change of heart is in direct conflict with the legislative intent to have the Director of the Bureau of Workers' Disability Compensation hold a hearing and exercise his discretion in an order he deems just and proper. The purpose of submitting the redemption agreement to a hearing referee for approval is to judge the propriety of the redemption rather than the legitimacy of the claim. The referee's order may be reviewed by the director to determine whether the referee erred in concluding that the redemption agreement serves the purposes of the act or that for some reason the approval is not just and proper. What effect a party's change of heart should

have is something the director should decide in making the review. It cannot, however, be the ground for automatically setting aside the order of approval without hearing or evaluation by the director.

Reversed and remanded to the Worker's Compensation Appeal Board for further proceedings.

*Sablich, Ryan, Dudley, Rapaport & Bobay, P.C.,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *David C. Coey* and *William R. Schulz*), for defendants.

PER CURIAM. In 1959 plaintiff Gerard Harrington suffered a back injury in the course of employment with defendant Brown Brothers, Inc. Defendants paid voluntary compensation for partial and total disability for several years, during the periods in which plaintiff was not working.

On May 25, 1978, a $20,000 redemption agreement was approved following a hearing before a hearing referee. Fifteen days later, on June 9, 1978, defendant sought review of the redemption agreement and order. Review was granted and, following a hearing, the order of redemption was set aside on November 27, 1978. In the interim, on June 17, 1978, plaintiff had died of cancer.

Plaintiff's wife applied for review with the appeal board. The appeal board denied the petition on the ground that both parties enjoyed a 15-day period in which to change their minds following a redemption agreement. The Court of Appeals denied leave to appeal by order dated August 31, 1979.

Pursuant to GCR 1963, 853.2(4) in lieu of granting leave to appeal, we set aside the order of the appeal board and remand for reconsideration in accordance with this opinion.

The question involved herein turns on whether

the appeal board has correctly construed MCL 418.835; MSA 17.237(835) and MCL 418.837; MSA 17.237(837). We will hereinafter refer to these statutes as §§ 835 and 837 respectively.

Sections 835 and 837 were enacted in 1969. Before that all redemptions had been heard by the Workmen's Compensation Commission, and there was no review or appeal. Since then redemptions have been heard by referees as provided in § 835, but subject to review as provided in § 837.

Section 835 provides in relevant part as follows:

"After 6 months time has elapsed from the date of injury, any liability resulting therefrom may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of a hearing referee."

Section 837 provides in relevant part as follows:

"(2) The director may, or upon the request of any of the parties to the action shall, review the order of the hearing referee entered under this section. Unless review is ordered or requested within 15 days of the date the order of the hearing referee is mailed to the parties, the order shall be final. In the event of review and in accordance with such rules as the director may prescribe and after hearing, the director shall enter such order as he deems just and proper. Any such order of the director may be appealed to the board within 15 days after the order is mailed to the parties."

The redemption here involved was approved in accordance with § 835. Review was requested by the defendant in accordance with § 837.

The appeal board's opinion explained its ruling as follows:

"It has long been the position of the board that the

15-day period was, in effect, a cooling-off period and that a plaintiff who found himself dissatisfied with the redemption in that period might change his or her mind, with that change of heart resulting in an automatic setting aside of the redemption *(Austin v Clippert Brick Co,* 1964 WCABO 30). The request to set aside the order, however, must be timely received or the redemption (absent fraud), becomes final *(Solo v Chrysler Corp [On Rehearing],* 77 Mich App [354; 258 NW2d 224] [1977]; *Huddleston v Yellow & Deluxe Cab Co,* 1975 WCABO 2505; *Lambert v Bay City Police Dep't,* 1973 WCABO 2253).

"Finally, the board faced the issue as to whether a defendant had the same right to withdraw its agreement, and thus have the redemption set aside as a function of law, in *Medkief v Happy Land Shows, Inc,* 1974 WCABO 1710. An *[sic]* unanimous panel of board members speaking through Member Storie, held that agreement, 'The essential element to this board's authority to approve' having been withdrawn within 15 days, the redemption must be set aside.

"Plaintiff herein forthrightly acknowledges *Medkief,* and asks that we reconsider our position on the issue and rule that withdrawal of agreement during the 15-day period during which appeal may be taken should not act as a matter of law to invalidate a redemption, but should be seen as only one factual element in what remains a discretionary decision by the director and eventually by this board. Otherwise, argues plaintiff forcefully, why even have statutory reference to a 'hearing' before the director subsequent to a timely claim for review? Defendant responds that the statute calls for appeals by 'parties' not 'party' in the singular, and that redemption agreements are approved on bureau forms containing bold-face printed reference to the right of 'parties' to appeal within 15 days. Thus, argues defendant, if a plaintiff has a right to have a redemption set aside upon request, so too does a defendant.

"Upon serious consideration, not just of *Medkief* as precedent, but upon the merits of the issue, we again reach the conclusion that the statutory provision of 15 days within which to appeal reflects a social policy decision that parties (plural) have a period of time in

which to have a change of heart. Agreement is an essential element of a redemption and the withdrawal of such agreement within the statutory time period necessitates the setting aside of the redemption. The Chief Deputy Director's order is affirmed."

We are satisfied that the board has not correctly read or applied these provisions. The board's policy of automatically setting aside the referee's order of approval if one of the parties has a change of heart within 15 days is in direct conflict with the legislative intent to have the director hold a hearing and exercise his discretion in an order he "deems just and proper".

The submission of a redemption agreement to a referee for approval is necessary under the act. The referee must hold a hearing on it before he approves it. The purpose of this hearing was noted in *Farrell v Campbell, Wyant & Cannon Foundry Co,* 392 Mich 344, 346; 220 NW2d 450 (1974). There we said:

"Our statute provides that before a redemption agreement is binding it must be approved by a referee after a hearing. MCL 418.835, 418.837; MSA 17.237(835), 17.237(837). For this reason it is important that the referee have access to as much information as possible in making his judgment, that the proposed redemption serves the purposes of the act. To this end the parties should be encouraged to make full disclosure of all matters surrounding the proposed redemption, secure in the knowledge that the purpose of the hearing is to pass on the propriety of the redemption rather than the legitimacy of the claim."

The referee's order may be reviewed by the director on his own initiative or must be reviewed upon the timely request of either party to determine whether the referee erred in concluding that

the redemption agreement serves the purposes of the act or that for some reason the approval order is not just and proper. Whatever effect, if any, a party's "change of heart" should have on the referee's order of approval is something the director should decide in making his order on review. This "change of heart" cannot, however, form the basis for automatically setting aside the approval order without hearing or evaluation by the director.

The order of the appeal board is set aside and the matter remanded to the appeal board for hearing and the entry of an appropriate order under § 837.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.