FEDEROFF v. EWING

SHANNON v. STAR WRECKING COMPANY, INC.

1. INSURANCE—REINSURANCE—PUBLIC POLICY—WORKMEN'S COMPENSATION ACT.

A reinsurance contract is governed by and subject to judicial enforcement in strict accord with the purpose, the declared public policy, and the express language of three original and long standing sections of the Michigan Workmen's Compensation Act, in particular one precise sentence which states "Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of this act, and provisions thereof inconsistent with this act shall be void" and that sentence by operation of law is read into a reinsurance contract and automatically nullifies those identifiable words of "exculpatory" non-liability (MCLA §§ 414.1–414.3).

2. CONTRACTS—PUBLIC POLICY.

Michigan is committed to the so-called broad rule; that whether a contract or contractual provision is contrary to public policy depends upon its purpose and tendency and not upon an actual showing of public injury.

Appeal from Court of Appeals, Division 1, T. M. Burns, P. J., and Holbrook and Bronson, JJ., affirming Workmen's Compensation Appeal Board. Submitted November 2, 1971. (No. 23 October Term 1971, Docket Nos. 53,197, 53,198.) Decided December 21, 1971.

29 Mich App 1 judgment vacated.

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance § 1857 et seq.
[2] 17 Am Jur 2d, Contracts § 174 et seq.

Jack Federoff presented his claim for workmen's compensation against William J. Ewing, his employer. Highway Insurance Company and Peerless Insurance Company added as parties defendant. Order remanding matter to Workmen's Compensation Department. Peerless Insurance Company and the Liquidator of Highway Insurance Company appealed to the Court of Appeals. Remanded to Workmen's Compensation Department for further proceedings. Peerless Insurance Company and the Liquidator of Highway Insurance Company appeal. Judgment of Court of Appeals vacated and appeal remanded to that court.

Appeal from Court of Appeals, Division 1, T. M. Burns, P. J., and Holbrook and Bronson, JJ., affirming Wayne, Joseph G. Rashid, J. Submitted November 2, 1971. (No. 24 October Term 1971, Docket No. 53,199.) Decided December 21, 1971. Rehearing denied February 25, 1972.

29 Mich App 1 judgment vacated.

Complaint by John H. Shannon against Star Wrecking Company, Inc., for judgment against it in accordance with a workmen's compensation award. Liquidator of Highway Insurance Company, Peerless Insurance Company, Jack Norman Cresswell and Excess Insurance Company, Ltd., added as third parties defendant. Judgment for all defendants. Plaintiff and Star Wrecking Company, Inc., appealed to the Court of Appeals and other defendants cross-appealed. Affirmed without prejudice to plaintiff to pursue relief before the Workmen's Compensation Department. Third parties defendant appeal. Judgment of Court of Appeals vacated and appeal remanded to that Court.

*Liss & Newman,* for plaintiff Jack Federoff.

*Seymour Mandell (Paul B. Newman,* of counsel), for defendant William J. Ewing.

*E. R. Whinham, Jr.,* for Peerless Insurance Company, Jack Norman Cresswell and Excess Insurance Company, Ltd.

*Honigman, Miller, Schwartz & Cohn* (by *John Sklar* and *Asher Rabinowitz*), for Director of the Department of Insurance of the State of Illinois and Liquidator of Highway Insurance Company.

*Kelman, Loria, Downing & Schneider* (by *John W. Simpson, Jr.*) for plaintiff John H. Shannon.

PER CURIAM. By these separately reviewed and appellate-consolidated proceedings each plaintiff seeks to obtain continued payment of his adjudicated right to workmen's compensation. Each is totally, permanently and tragically disabled as a result of work-connected accidental injuries occurring in 1959 and 1960. Different employers are liable respectively for payment of such benefits. We surmise both are now uncollectible. Each carried direct coverage under Part IV of the Workmen's Compensation Act with Highway Insurance Company. There is no question of the right of either plaintiff to benefits overdue and to become due. The question is who if at all is to pay, and if so, *starting when.*

Payment of benefits to each plaintiff duly commenced. Highway became insolvent and was so adjudged by an Illinois judgment. By that judgment, entered in 1967, the Director of Illinois' Department of Insurance was appointed as Highway's statutory

liquidator. Later, proceeding *ex parte,* the Illinois court entered an order enjoining actions "to contest or interfere with the Liquidator's exclusive right, title and interest to funds recoverable under treaties and agreements of insurance heretofore entered into by Highway Insurance Company as the ceding insurer."

Highway was and is reinsured by defendant Peerless Insurance Company and Peerless in turn was and is reinsured by third-party defendant Excess Insurance Company. Highway is here represented by the appointed liquidator. He contends that the sole remedy of each plaintiff, for continued payment of benefits as ordered, lies with and in the Illinois court of liquidation; his claim being that "Michigan employers and employees do not have a direct right of action under the workmen's compensation act upon a reinsurance agreement that indemnifies against loss and requires payment to the liquidator in the event of insolvency of the insurer." The liquidator, allied with and supporting Peerless and Excess, directs our attention to a long list of decisions which the Louisiana Supreme Court cited and followed, May 4 last, in *Fontenot* v. *Marquette Casualty Co.* (1971), 258 La 671 (247 So 2d 572).[1]

The stated contention turns particularly upon the applicable validity of the *whole* of the first para-

[1]In *Fontenot* the Court took issue with the opposing and equitably couched view of the Supreme Court of Missouri (*Homan* v. *Employers Reinsurance Corp.* [1939], 345 Mo 650 [136 SW2d 289, 127 ALR 163]; *First National Bank of Kansas City* v. *Higgins* [Mo 1962], 357 SW2d 139). *Fontenot's* holding appears in the first paragraph of the Court's opinion:

"The issue for determination is whether the rights of a third person damaged by a party who is insured may be exercised in a direct action for his damages against the reinsurer of the tortfeasor's insolvent liability insurer. Contrary to the Court of Appeal, we hold that the treaty or contract of reinsurance here and the law do not permit a direct action by such third person against the reinsurer."

graph of Article III of the reinsurance contract which, as noted, was entered into between Highway as primary carrier and Peerless as reinsurer. The first paragraph:

"Liability Reinsured:

"The actual payment in cash by the [Highway Insurance] Company of any loss shall be a condition precedent to any recovery under this Agreement, and subject to such condition, the liability of the Reinsurer shall follow that of the Company and shall be subject within the applicable policy limits in all respects to all the general and special stipulations, clauses, waivers and modifications of the Company's [Highway Insurance] policy, binder or other undertaking, and any endorsements thereon."

When plaintiff Shannon sought, in the Wayne circuit, mandatory enforcement of his award, that court granted summary judgment for the defendant reinsurers. Shannon appealed to the Court of Appeals, which affirmed this way (29 Mich App 16):

"The decision of the circuit court granting summary judgment to third-parties defendant is affirmed, but without prejudice to the right of plaintiff Shannon to proceed with an appropriate action before the workmen's compensation department for a determination, pursuant to findings made a part of the record, of the rights and obligations of Star Wrecking Company, Inc., together with those of the reinsurers."

Federoff's separate proceeding was simply that of presenting a statutory claim for compensation arising out of his compensable accident. The Workmen's Compensation Department granted him benefits as claimed. On review Division 1 affirmed, this way (29 Mich App 16):

"The Federoff case is remanded to workmen's compensation department for proceedings consist-

ent with this opinion; the Shannon case is affirmed, but without prejudice to plaintiff to pursue relief before the workmen's compensation department."

Leave to review was granted February 19, 1971 (384 Mich 808). The appeal was submitted November 2. The ensuing opinion for vacation of judgments and specific remand has been prepared by the assignee Justice. Recognizing both the clear rights and the pressing needs of the two plaintiffs, it is submitted to the other Justices this 19th day of November.

This Highway-Peerless reinsurance contract, unlike in distinctive respect the contracts of reinsurance which the respective courts considered in *Fontenot's* list, is governed by and subject to judicial enforcement in strict accord with the purpose, the declared public policy, and the express language of three original and long standing sections of the Michigan Workmen's Compensation Act (§§ 1, 2 and 3 of Part IV [MCLA §§ 414.1–414.3; Stat Ann §§ 17.195–17.197]); in particular one precise sentence which pertinently appears—as it did from 1912 to 1969—as a part of said § 3.[2] That sentence by operation of law is read into this Highway-Peerless contract and automatically nullifies those identifiable words of "exculpatory" non-liability (for instance as in *Feldman* v. *Stein Building & Lumber Company* [1967], 6 Mich App 180).

---

[2] By the Workmen's Compensation Act of 1969 (No 317), this section appears now as § 621.

No extant mandatory provision is required to bolster our view of sections 1, 2 and 3 as same stood when the rights of Federoff and Shannon to workmen's compensation accrued and became adjudicated. It is worthy of note, however, that the act of 1969 definitely defines "insurer" as meaning "an organization which transacts the business of workmen's compensation insurance within this state." Peerless and Excess both do, and did as pointed out by the appeal board on review of Mr. Federoff's claim. See quotation of the board's opinion, 29 Mich App at 6, 7 and 8.

Section 3 reads in full, with the sentence referred to set forth in italics:

"Sec. 3. *Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of this act, and provisions thereof inconsistent with this act shall be void.* No company shall enter into any such contract for insurance, unless such company shall have been approved by the commissioner of insurance as provided by law."

For the purposes of present decision the quoted contractual provision will be read on remand with the policy-subversive words

—"The actual payment in cash by the Company of any loss shall be a condition precedent to any recovery under this Agreement, and subject to such condition"—

fully stricken therefrom, leaving the remainder of the paragraph intact and applicable to the prompt enforcement of plaintiffs' rights. In sum, the direct liability of Peerless and Excess to plaintiffs will be enforced as if the first paragraph of the reinsurance contract, under heading of "Liability Reinsured," had from the beginning delivered its text as follows:

"Notwithstanding anything to the contrary appearing elsewhere in this Agreement, the liability of the Reinsurer shall follow that of the Company and shall be subject within the applicable policy limits in all respects to all the general and special stipulations, clauses, waivers and modifications of the Company's policy, binder or other undertaking, and any endorsements thereon."

We in legal Michigan are committed to the so-called broad rule; that whether a contract or contractual provision is contrary to public policy depends upon its purpose and tendency and not upon

an actual showing of public injury. In *Mahoney v. Lincoln Brick Co.* (1943), 304 Mich 694, 705–707 these rules were adopted and applied, with no ensuing hint that the Court might modify them or depart therefrom:

"In 12 Am. Jur. § 167, p. 664, it is stated:

" 'The question whether a contract is against public policy depends upon its purpose and tendency, and not upon the fact that no harm results from it. In other words, all agreements the purpose of which is to create a situation which tends to operate to the detriment of the public interest are against public policy and void, whether in the particular case the purpose of the agreement is or is not effectuated. For a particular undertaking to be against public policy actual injury need not be shown; it is enough if the potentialities for harm are present.'[3] * * *

"In 17 C.J.S. § 211, pp. 563–565, it is stated: .

" 'Contracts contrary to public policy, that is those which tend to be injurious to the public or against the public good, are illegal and void, even though actual injury does not result therefrom. This rule is applied in both State and Federal courts, in cases arising in law and in equity, to contracts involving numerous and steadily increasing types of subject matter, regardless of the character of the contracting parties. * * *

" '*The test to be applied is not what is actually done, but that which may or might be done under the terms of the contract; it is the evil tendency of the contract and not its actual injury to the public in a particular instance. The law looks to the general tendency of such agreements, and it closes the door to temptation by refusing them recognition in any of its courts.*' " (Italics by Court, in *Mahoney*.)

---

[3] For the current text, see 17 Am Jur 2d, Contracts, § 179, pp 541–543.

The judgments entered by the Court of Appeals are vacated. The record of each appeal to that court is remanded thereto for entry of such instructive orders as may be required for determination by the Workmen's Compensation Department of the compensatory rights, brought up to date, of each plaintiff as against his employer, the respective reinsurers of Highway, and the statutory liquidator of Highway. The Court of Appeals will enter a separate order reversing grant by the circuit court of summary judgment as against plaintiff Shannon and directing continuance of the statutory proceeding now pending in circuit court until the department has concluded its duties so far as same concern plaintiff Shannon.

When the directed awards are made by the department, each plaintiff may if necessary resort to enforcement in the circuit court. Should enforcement be required that court will utilize, independently as needed, all of the remedies and sanctions that are known to law and equity (See *Michigan Mutual Liability Company* v. *Baker* [1940], 295 Mich 237), including the power granted the commissioner of insurance by current § 631 of the aforesaid act of 1969.

The amount of plaintiffs' costs in each instance will abide the final result.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.