## ILLINOIS v. MICHIGAN

No. 57, Orig.   Decided October 24, 1972

PER CURIAM.

The State of Illinois moved to file its bill of complaint in this case on the theory that a "reciprocal treaty" between the States of Illinois and Michigan was violated by a decision of the Supreme Court of the State of Michigan which allowed recovery by two injured workmen against an Illinois re-insurance company. *Federoff* v. *Ewing,* 386 Mich. 474, 192 N. W. 2d 242 (1971). It claims that such an agreement arose when the two States enacted the Uniform Insurers Liquidation Act, which contains certain reciprocal features, and that the agreement has the dignity of an interstate compact.*

The State of Illinois was a party to the case decided by the Supreme Court of Michigan through the person of the Director of Insurance of the State of Illinois, who was the liquidator of the workmen's compensation insurer, Highway Insurance Co. It was the imposition of

---

*See generally Frankfurter & Landis, The Compact Clause of the Constitution—a Study in Interstate Adjustments, 34 Yale L. J. 685 (1925); Engdahl, Characterization of Interstate Arrangements: When is a Compact not a Compact?, 64 Mich. L. Rev. 63 (1965); Note, At the Intersection of Jurisdiction and Choice of Law, 59 Calif. L. Rev. 1514 (1971).

liability upon that company's re-insurer which Illinois claims was inappropriate under the uniform act. Review of the Michigan decision should have been sought in that case by means of a petition for writ of certiorari.

It is now too late for any such petition for certiorari to be filed. But original jurisdiction of the Court is not an alternative to the redress of grievances which could have been sought in the normal appellate process, if the remedy had been timely sought.

The problem presented is essentially one between private litigants and, though the point now raised may not have been presented in the Michigan litigation, these controversies are recurring and essentially not state concerns.

While the complaint on its face is within our original, as well as our exclusive, jurisdiction, it seems apparent from the moving papers and the response that Illinois, though nominally a party, is here "in the vindication of the grievances of particular individuals." *Louisiana* v. *Texas,* 176 U. S. 1, 16.

The motions to file briefs *amici curiae* by Jack Federoff, William F. Ewing, dba William Ewing Roofing Co., and John H. Shannon are granted.

The motion of the State of Illinois for leave to file a bill of complaint is denied.