FARRELL v CAMPBELL, WYANT & CANNON FOUNDRY
COMPANY

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—LIABILITY—ADMISSIONS—REDEMPTION HEARING.

   The Workmen's Compensation Appeal Board in determining
   liability may not consider admissions made at a redemption
   hearing.

2. WORKMEN'S COMPENSATION—REDEMPTION AGREEMENT—STATUTES—
   HEARING—LIABILITY.

   Workmen's Compensation statute of Michigan provides that be-
   fore a redemption agreement is binding it must be approved by
   a referee after a hearing and for this reason it is important
   that the referee have access to as much information as possible
   in making his judgment, that the proposed redemption serves
   the purposes of the act; to this end the parties should be
   encouraged to make full disclosure of all matters surrounding
   the proposed redemption, secure in the knowledge that the
   purpose of the hearing is to pass on the propriety of the
   redemption rather than the legitimacy of the claim (MCLA
   418.835, 418.837).

3. WORKMEN'S COMPENSATION—ADMISSIONS—REDEMPTION HEARING—
   LIABILITY HEARING—EVIDENCE—APPEAL AND ERROR.

   Workmen's Compensation Appeal Board was in error insofar as it
   based its finding on evidence consisting of admissions made at a
   redemption hearing.

Appeal from Court of Appeals, Division 2,
Quinn, P. J., and McGregor and Bronson, JJ., de-
nying application for leave to appeal from an
order of the Workmen's Compensation Appeal
Board. Submitted April 2, 1974. (No. 1 April Term
1974, Docket No. 54,626.) Decided August 2, 1974.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation § 454 *et seq.*

Claim by Howard Farrell against Campbell, Wyant & Cannon Foundry Company and Aetna Casualty & Surety Co for workmen's compensation for dermatitis to the hands. Award granted modifying an award of a hearing referee. Court of Appeals denied plaintiff's application for leave to appeal. Plaintiff appeals. Reversed and remanded.

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendants.

T. G. KAVANAGH, J. This is an appeal from an order of the Workmen's Compensation Appeal Board modifying an award of a hearing referee.

The plaintiff, 48, suffers from dyshidrosis, a skin disorder. He left his job on April 1, 1968 and filed for compensation a week later. On May 15, 1968 he was fired. After a hearing before a workmen's compensation referee, at which there was testimony the plaintiff had been offered another job by the defendant, an open award of total disability benefits was made to the plaintiff effective April 2, 1968. The defendants appealed to the Workmen's Compensation Appeal Board. While the appeal was pending a redemption settlement was agreed to by the parties.

At the redemption hearing, plaintiff's counsel admitted that one reason why plaintiff had agreed to settle rather than returning to work at the foundry, was that his work as a minister now took much of his time and paid him substantially the same wage he was receiving before he was fired.

The redemption settlement later fell through and the appeal was processed.

The Appeal Board modified the referee's award

by denying plaintiff any compensation subsequent to his rejection of the company's job offer. The Appeal Board in arriving at its findings relied in part on the forementioned admission of plaintiff's counsel at the redemption hearing.

The only issue raised is whether the Workmen's Compensation Appeal Board in determining liability may properly consider admissions made at a redemption hearing.

We hold it may not.

Our statute provides that before a redemption agreement is binding it must be approved by a referee after a hearing. MCLA 418.835, 418.837; MSA 17.237(835), 17.237(837). For this reason it is important that the referee have access to as much information as possible in making his judgment, that the proposed redemption serves the purposes of the act. To this end the parties should be encouraged to make full disclosure of all matters surrounding the proposed redemption, secure in the knowledge that the purpose of the hearing is to pass on the propriety of the redemption rather than the legitimacy of the claim.

We are not here concerned with the admissibility of admissions of independent facts pertinent to a question in issue made during the course of compromise or settlement negotiations. Defendant maintains that such admissions are competent admissible evidence on the authority of *Manistee National Bank v Seymour,* 64 Mich 59; 31 NW 140 (1887); *Taylor v Bay City Street R Co,* 101 Mich 140; 59 NW 447 (1894); *Wallace v H. W. Noble & Co,* 203 Mich 58; 168 NW 984 (1918); *Sanderson v Barkman,* 272 Mich 179; 261 NW 291 (1935).

Without regard to the validity of the principle established in those cases we will not apply it to admissions made at redemption hearings for the reason stated above.

Insofar as the Board based it's finding on such evidence we hold it was in error.

Reversed and remanded.


T. M. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with T. G. KAVANAGH, J.