BLUE CROSS AND BLUE SHIELD OF MICHIGAN v FOLKEMA

Docket No. 101605. Submitted June 20, 1988, at Grand Rapids. Decided November 9, 1988.

On March 5, 1982, plaintiff, Blue Cross and Blue Shield of Michigan, advised defendant, Judith L. Folkema, M.D., of an alleged overpayment to defendant for certain psychiatric services rendered by defendant to plaintiff's subscribers. Plaintiff sought reimbursement for the amount of the overpayments alleging that defendant had not performed the services pursuant to the requirements for coverage. When defendant failed to reimburse plaintiff, plaintiff instituted an action on March 11, 1986, in the Kent Circuit Court seeking repayment. The trial court, Roman J. Snow, J., granted defendant's motion for summary disposition, finding that the action was barred by the three-year period of limitation applicable to claims for injury to person or property. Plaintiff appealed from the trial court's order.

The Court of Appeals *held:*

This is not an action for conversion. Plaintiff's complaint states a claim for fraudulent misrepresentation. The applicable limitation period for actions for fraud or misrepresentation is six years. The trial court erred in dismissing plaintiff's complaint based on the three-year period of limitation applicable to actions for damages to person or property.

Reversed.

1. PLEADING — CONVERSION.

An action for conversion has not been pled where the plaintiff has not pled an obligation on the part of the defendant to return specific, identified monies.

2. LIMITATION OF ACTIONS — MISREPRESENTATION — FRAUD.

The applicable period of limitation for actions for fraud or misrepresentation is six years; the six-year period of limitation applicable to actions for misrepresentation applies when a

REFERENCES

Am Jur 2d, Conversion § 152; Limitations of Actions §§ 80 *et seq.*
See the Index to Annotations under Conversion; Limitations of Actions.

plaintiff is misled about the value of the defendant's services (MCL 600.5813; MSA 27A.5813).

3. LIMITATION OF ACTIONS — REIMBURSEMENT — MISTAKE OF FACT.
   The general six-year period of limitation for personal actions applies to a cause of action stating a claim for reimbursement of money paid through a mistake of fact (MCL 600.5813; MSA 27A.5813).

4. LIMITATION OF ACTIONS — INJURY TO FINANCIAL EXPECTATIONS.
   A six-year limitation period applies when damages are sought for injury to the plaintiff's financial expectations and when buyers are led to expect more than they received (MCL 600.5813; MSA 27A.5813).

*Teresa Mikan* and *Steven C. Hess,* for plaintiff.

*Bruggink & Valentine* (by *Anthony J. Valentine*), for defendant.

Before: MACKENZIE, P.J., and BEASLEY and M. G. HARRISON,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant on the ground that plaintiff's action was time-barred. We reverse.

Defendant is a psychiatrist whose patients include subscribers of plaintiff, Blue Cross and Blue Shield of Michigan, which provides prepaid medical benefits. During the 1980 calendar year, plaintiff allegedly paid to defendant $26,392.35 for psychiatric services rendered to plaintiff's subscribers upon defendant's representation that the services were performed either by a physician or under the direct or personal supervision of a physician and in the presence of a physician, a requirement for coverage. Following a January, 1982, audit of defendant's records, plaintiff concluded that most of the services for which it had paid defendant dur-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing 1980 were either not performed by defendant or were not performed in her presence and under her supervision. On March 5, 1982, plaintiff advised defendant by letter of its alleged overpayment. Plaintiff demanded reimbursement of $25,414.06 and stated that it would make an automatic deduction from defendant's account if reimbursement was not made. Defendant failed to reimburse and plaintiff's deduction attempt was largely unsuccessful.

On March 11, 1986, plaintiff instituted the instant action for repayment. On February 6, 1987, defendant filed a motion for summary disposition asserting that plaintiff's action was barred by the applicable statute of limitation. According to defendant, plaintiff's complaint stated a claim for fraud and sought recovery for damages to person or property, so that the period of limitation was three years. MCL 600.5805(8); MSA 27A.5805(8). Defendant contended that since plaintiff did not commence its action within three years of its communication to defendant that psychotherapy services had been improperly claimed for reimbursement, in other words, by no later than March 5, 1985, the suit was untimely. Plaintiff, on the other hand, maintained that a claim of fraudulent misrepresentation is *not* an action for injury to person or property, so that the general six-year limitation period of MCL 600.5813; MSA 27A.5813 controlled. Alternatively, plaintiff argued that its complaint was based on breach of contract, which is also governed by a six-year limitation period. MCL 600.5807(8); MSA 27A.5807(8). Under either of plaintiff's theories the complaint was timely filed.

The trial court characterized plaintiff's action as follows:

, Obtaining that money by means of false representation amounts to a conversion. Conversion is an act of dominion wrongly asserted over another's property. *Continental Casualty [Co] v Huron Valley National Bank,* 85 Mich App 319, 322 [271 NW2d 218] (1978). Michigan case law recognizes that a conversion is within the legal concept of an injury to property. *Ins Co of North America v Manufacturers Bank [of Southfield, NA],* 127 Mich App 278, 284 [338 NW2d 214] (1983).

It is my opinion that the plaintiff is seeking recovery for injury to [its] property; that is, money wrongfully obtained by defendant by means of false representation, which money defendant converted to her own use.

Accordingly, the court applied the three-year limitation period of MCL 600.5805(8); MSA 27A.5805(8) and dismissed plaintiff's action.

On appeal, plaintiff first contends that the trial court erred in characterizing its claim as one for conversion. Defendant contends that the trial court did not find the action to be one for conversion, but used the word "conversion" to articulate its finding that the action was one for fraudulent misrepresentation. Suffice it to say that this is not an action for conversion, since plaintiff has not pled an obligation on the part of defendant to return specific, identified monies. See generally *People v Christenson,* 412 Mich 81, 91; 312 NW2d 618 (1981) (Moody, J., concurring); *Garras v Bekiares,* 315 Mich 141, 147-149; 23 NW2d 239 (1946). To the extent that the trial judge's opinion suggests otherwise, he was in error.

Plaintiff next contends that the trial court erred in characterizing its claim as one for injury to person or property, to be governed by the three-year limitation period of MCL 600.5805(8); MSA 27A.5805(8). That statute provides:

(8). The period of limitations is 3 years after the

time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

MCL 600.5813; MSA 27A.5813, which plaintiff urges to be controlling, provides:

All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.

The applicable limitation period is determined by focusing upon the nature of the interest allegedly harmed. *Stringer v Bd of Trustees of Edward W Sparrow Hospital,* 62 Mich App 696, 699-700; 233 NW2d 698 (1975), lv den 395 Mich 768 (1975). The determination requires a claim to be read as a whole to arrive at the gravamen of a plaintiff's grievance. *Smith v Holmes,* 54 Mich 104, 112; 19 NW 767 (1884); *Adkins v Annapolis Hospital,* 116 Mich App 558, 563; 323 NW2d 482 (1982), aff'd 420 Mich 87; 360 NW2d 150 (1984). Here, the parties are in basic agreement that plaintiff's complaint states a claim for fraudulent misrepresentation. The crucial question, however, is whether or not plaintiff was seeking damages for injury to property or person. See *Borman's, Inc v Lake State Development Co,* 60 Mich App 175, 187-188; 230 NW2d 363 (1975).

We cannot agree that this action is best characterized as one for damage to person or property. Plaintiff's claim is that, based on defendant's representations, it paid defendant for services which it believed were reimbursable, but which later investigation revealed were not. Plaintiff's payments were made based on its belief that it "got what it paid for." Plaintiff now seeks repayment for the disbursements it understood to be compen-

sation for services rendered by defendant personally. The six-year limitation period of MCL 600.5813; MSA 27A.5813 applies when damages are sought for injury to the plaintiff's financial expectations. *Bacco Construction Co v American Colloid Co,* 148 Mich App 397; 384 NW2d 427 (1986). The six-year limitation period also applies when buyers are led to expect more than they received. *Coats v Uhlmann,* 87 Mich App 385, 392; 274 NW2d 792 (1978). In this case, plaintiff was led to believe it was paying for defendant's personal services, but later allegedly learned it was not.

In actions for fraud or misrepresentation the applicable limitation period is six years, MCL 600.5813; MSA 27A.5813. *Fagerberg v LeBlanc,* 164 Mich App 349, 353; 416 NW2d 438 (1987), citing *Kwasny v Driessen,* 42 Mich App 442; 202 NW2d 443 (1972). Defendant contends that the rule set forth in these cases should be limited to actions involving fraudulent misrepresentation about the expected value or future profitability of purchased property. We disagree. In *Borman's, supra,* for example, the six-year period was held to apply where the plaintiff alleged defendant's performance of construction services was substandard. We likewise conclude that the six-year period of limitation may apply to actions for misrepresentation when the plaintiff is misled about the value of the defendant's services.

We further note that plaintiff's complaint arguably states a claim for reimbursement of money paid through a mistake of fact. The general six-year period of limitation for personal actions also applies to this cause of action. *Madden v Employers Ins of Wausau,* 168 Mich App 33; 424 NW2d 21 (1988); *Adams v Auto Club Ins Ass'n,* 154 Mich App 186, 196; 397 NW2d 262 (1986), lv den 428 Mich 870 (1987).

Finally, we need not reach the question of the applicability of the statute of limitation for breach of contract since we agree with the decision of the trial court that plaintiff has failed to properly plead a claim for breach of express contract.

Because the applicable statute of limitation for misrepresentation had not run when plaintiff commenced its action, the trial court erred in dismissing plaintiff's complaint. We therefore reverse and remand for further proceedings on the merits of plaintiff's claim.

Reversed.