CITY OF HOLLAND v MANISH ENTERPRISES

Docket No. 101423. Submitted August 16, 1988, at Grand Rapids.
Decided November 22, 1988.

The City of Holland brought an action in Ottawa Circuit Court
seeking an injunction prohibiting Manish Enterprises, Charles
L. Fisher and Francis W. Mangine from continuing to use a
certain property owned by defendants as a multifamily resi-
dence in violation of the city's zoning code. Defendants admit-
ted operation of the subject property as a multifamily resi-
dence, but raised the equitable defenses of estoppel and laches,
claiming that the city, through its department of health, asses-
sor's office and board of public works had had knowledge that
defendants and their predecessors in title had used the prop-
erty as a multifamily residence for at least twelve years before
the city sought its injunctive relief. The trial court, James E.
Townsend, J., rejected defendants' affirmative defenses and
granted the requested injunctive relief. Defendants appealed.

The Court of Appeals *held:*

1. Laches does not depend on the mere passage of a specific
period of time, but rather is based upon the occurrence of some
intervening circumstance which would render it inequitable to
grant relief to a dilatory plaintiff. It is the occurrence of
prejudice resulting from the delay in seeking relief that will
give rise to the defense of laches. Since defendants showed no
prejudice resulting from the city's delay, the defense of laches
was not available.

2. Since the city made no assertion with respect to the
subject property which would have induced defendants to be-
lieve that the multifamily use of the property was proper and
since defendants undertook no act based upon an assertion by
the city that the use was proper, a proper basis for the defense
of estoppel was not established.

Affirmed.

REFERENCES

Am Jur 2d, Equity §§ 162 *et seq.*; Estoppel and Waiver §§ 35 *et seq.*
See the Index to Annotations under Equitable Estoppel; Laches and
Delay.

1. APPEAL — EQUITY.

   The Court of Appeals reviews a trial court's decision in an equity action de novo; the trial court's decision will be upheld unless the Court of Appeals is convinced that it would have reached a different result.

2. EQUITY — DEFENSES — LACHES.

   Laches is an affirmative defense which is based not merely on the passage of time before some action is taken; rather it arises from the occurrence of an intervening circumstance which renders inequitable the granting of relief to a dilatory plaintiff; to successfully claim laches one must show some prejudice resulting from the plaintiff's lack of due diligence.

3. ESTOPPEL — EQUITABLE ESTOPPEL.

   Equitable estoppel arises where: (1) a party, by representation, admissions, or silence, intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on this belief, and (3) the other party will be prejudiced if the first party is permitted to deny the existence of facts.

*Cunningham, Mulder & Breese, P.C.* (by *Kenneth B. Breese*), for plaintiff.

*Persinger & Farmer, P.C.* (by *Richard D. Persinger*), for defendants.

Before: MACKENZIE, P.J., and MCDONALD and R. E. ROBINSON,* JJ.

PER CURIAM. Manish Enterprises, the owner of certain real property located in the City of Holland, appeals as of right from a circuit court order enjoining it from using the residential building on the subject property for multifamily housing in violation of the city's zoning code. The property is located in an A-3 zone. Although multifamily dwellings are allowed in an A-3 zone, such use is restricted to lots with at least sixty feet of front-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

age. The Manish property has only forty-eight feet three inches of frontage.

Although the property had apparently been used for multifamily occupancy since 1974, the city zoning board became aware of the violation in January, 1986, after it embarked on a city-wide inspection program for rental properties. The city brought suit against Manish seeking an injunction to prohibit the continuing zoning violation, as a nuisance per se. See MCL 125.587; MSA 5.2937. Manish admitted most of the city's allegations, but raised the equitable doctrines of estoppel and laches as affirmative defenses to the action.

After a bench trial, the circuit court issued an injunction preventing the continued use of the subject property as a multifamily dwelling and providing for future inspections to ensure enforcement.

On appeal, Manish asserts that the trial court erred when it ruled that Manish had failed to establish its affirmative defenses. Manish also asserts that the circuit court failed to appropriately balance the equities in this case when it issued the injunction.

This Court reviews a trial court's decision in an equity action de novo. After examining the entire record and the evidence presented, the trial court's findings will be upheld unless this Court is convinced it would have reached a different result had it been sitting as the trial court. *McDonald Ford Sales, Inc v Ford Motor Co,* 165 Mich App 321, 325; 418 NW2d 716 (1987); *Calvary Presbyterian Church v Presbytery of Lake Huron of the United Presbyterian Church,* 148 Mich App 105, 109-110; 384 NW2d 92 (1986), lv den 425 Mich 863 (1986).

Manish contended below that the city had actual or constructive notice through city utility records concerning the ongoing violation of the zoning

ordinance for so long that it should be barred from seeking an injunction by the equitable doctrine of laches.

Laches is an affirmative defense which does not depend on the mere passage of a specific period of time, but primarily upon intervening circumstances which render inequitable granting any relief to the dilatory plaintiff. *In re Crawford Estate*, 115 Mich App 19, 25; 320 NW2d 276 (1982). Before the defense of laches may be successfully asserted, the one claiming laches must show some prejudice resulting from the other party's lack of due diligence. *Id.* Whether a party is guilty of laches is determined on a case by case basis through examining the facts and circumstances. *In re Dissolution of F Yeager Bridge & Culvert Co*, 150 Mich App 386, 397; 389 NW2d 99 (1986); *Rofe v Robinson (On Second Remand)*, 126 Mich App 151, 154; 336 NW2d 778 (1983).

In the instant case, Manish introduced evidence that the property had been used for a multifamily dwelling since 1974, when David Kiekentveld purchased the property from a Jerry Wolters. This was after the zoning board had rejected Wolters' petition to convert the property to a multifamily residence in 1972. The Kiekentvelds had used the property for the same purpose until the sale to Manish in 1981.

The house was designated a "rooming house" with the Holland Department of Environmental Health, an approved use for the property in an A-3 zone. The city assessor's office recorded four mail boxes at the address in 1981, which might have indicated multifamily use. The city assessor's office also had received from the local board of realtors in 1974 a listing card which indicated multifamily use. Further, the Board of Public Works had re-

cords showing plumbing and utility bills for the premises consistent with apartment use.

Manish vigorously argues here, as below, that the aforementioned evidence proved the existence of sufficient notice to the city of a violation of the zoning ordinance, relying on *City of Hancock v Hueter,* 118 Mich App 811; 325 NW2d 591 (1982). The trial court distinguished the instant case from *Hancock* by noting that in *Hancock* there were two admissions of sufficient notice to the city: the city manager testified that the garbage billing based on three apartments being present constituted notice to the city, and the city manager stated that he was informed of the violation of the zoning ordinance in 1972. The city's complaint was not filed until August, 1980. In the present case, no notice to the city was admitted.

We believe it unnecessary to decide the adequacy of notice to the city. We note that mere passage of time does not, alone, support the defense of laches. Manish failed to persuade the trial court that it would be unjust now to allow an action to enforce the zoning ordinance. While Manish has made certain repairs to and has done maintenance on the house, it appears that such repairs and maintenance, with few and small exceptions, would be necessary to maintain the home as a single family dwelling. The total cost of those items specifically done because of the multifamily use amounted to less than $50. Moreover, Manish could have avoided any detriment had it adequately investigated the legal status of the use of the premises before its purchase.

Manish also raised the defense of estoppel in the trial court. The trial court found from the proofs presented that the city had neither made any assertions nor had it acted in a manner which

would give Manish reasonable cause to rely on the legality of the property's present use.

The equitable defense of estoppel "rests upon broad principles of justice." *In re Yeager Bridge, supra*, p 394. The elements of estoppel are:

> " '(1) a *party* by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts.' " [*Id.* Citations omitted; emphasis added.]

Generally, a city is not precluded by estoppel from enforcing its zoning code. *Fass v Highland Park*, 326 Mich 19, 28-29; 39 NW2d 336 (1949). However, where a building is created in good faith reliance on a permit issued by the city, and the only reasonable use for the property is in fact outside the regulations, an exception to the rule may be made. *Pittsfield Twp v Malcolm*, 375 Mich 135, 146-147; 134 NW2d 166 (1965).

The instant case does not present such "exceptional circumstances." No large sums were expended on projects dependent on the use of the building as an apartment building. Moreover, the trial court properly found that the city did not make any assertions or do any act upon which Manish could have reasonably relied to its detriment. Manish, therefore, failed to establish the elements of estoppel such that the city should be barred from gaining the relief it seeks.

Finally, Manish argues that the trial court failed to adequately balance the equities involved in this case. We disagree. Manish asserts that its status is one of innocent defendant. However, we note that Manish did not use reasonable diligence

in discovering the true legal status of the use of the property before the property was purchased. The city acted with reasonable diligence once the zoning board became aware of the violation. Moreover, Manish is not necessarily without a remedy for its losses. We also note, as did the trial court, that the property may be used for a single family dwelling with up to two boarders or roomers, and still fall within the uses legally permitted in the A-3 zone.

We do not believe we would have reached a different result had we been sitting as the trial court in this matter.

Affirmed.