## BADON v GENERAL MOTORS CORPORATION

Docket Nos. 103831, 103876. Submitted July 18, 1990, at Lansing. Decided April 15, 1991, at 9:05 A.M. Leave to appeal sought.

Henry M. and Jessie B. Badon brought an action in the Genesee Circuit Court against General Motors Corporation and the Director of the Bureau of Workers' Disability Compensation, seeking rescission of a redemption agreement which settled a workers' compensation claim. Following a bench trial, the court, Valdemar L. Washington, J., entered judgment in favor of the plaintiffs, rejecting the defenses of the three-year statute of limitations for wrongful discharge claims, res judicata by virtue of a prior action in federal court, and the plaintiffs' failure to tender the lump sum redemption payment before or contemporaneously with commencement of their action in contravention of the redemption agreement. The defendants appealed, claiming that the trial court erred in rejecting their defenses and in rescinding the redemption agreement on the ground that it violated public policy because Henry M. Badon lost his rights to a disability pension and health insurance after the redemption of his workers' compensation claim. The plaintiffs cross appealed, claiming that the trial court erred in refusing to admit evidence of a transcript of their appeal of the federal action.

The Court of Appeals *held:*

The trial court did not err in rejecting the defenses raised by the defendants. However, because the redemption agreement did not violate public policy, the trial court erred in rescinding it.

1. In equitable actions such as this, timeliness is determined by applying the doctrine of laches rather than the statute of limitations. Even if a statute of limitations were applied in this case, the plaintiffs' action would be timely because the correct period of limitation is not three years for wrongful discharge claims, but six years for actions in the nature of fraud, mistake, or injury to financial expectations, MCL 600.5813; MSA 27A.5813. This action was commenced while the six-year period was tolled pending the appeal of the plaintiffs' federal court action.

2. The defense of laches was not raised in the first responsive

pleading or by motion as required by GCR 1963, 111.3, now MCR 2.111(F)(2),(3), and thus has been waived.

3. This action was not barred by the doctrine of res judicata because the claim in the previous federal action that the redemption agreement was violative of public policy was not decided on the merits, but was dismissed without prejudice.

4. The plaintiffs' failure to tender the consideration paid by General Motors in settlement of their claim did not require dismissal. The purpose of the rule requiring tender of consideration paid in settlement is to place the other party in status quo lest payment operates as an admission of liability. In this case, because General Motors had not admitted liability in approving the redemption agreement, the plaintiffs' tender of consideration was not necessary.

5. The redemption agreement did not violate public policy at the time it was approved by the workers' compensation hearing referee. The agreement satisfied then-existing requirements of the workers' compensation act, MCL 418.835, 418.837; MSA 17.237(835), 17.237(837), that a proposed redemption serve the purposes of the act, among which was to provide for prompt payment to an injured worker with funds from the industry in which the worker was employed, while limiting the liability of the employer by shielding it from common-law tort actions. Requirements imposed after the redemption in this case, that a proposed redemption agreement be just and proper under the circumstances and be in the best interests of the claimant, MCL 418.836; MSA 17.237(836), as amended by 1983 PA 151, did not apply to the redemption agreement.

6. The determination that res judicata did not bar this action made it unnecessary to address the plaintiffs' claim that the trial court erred in refusing to admit a transcript of the federal appeal.

Reversed.

MARILYN KELLY, P.J., dissenting in part, stated that the trial court's rescission of the redemption agreement should be affirmed because the agreement violated public policy as reflected in the workers' compensation act and the referee approved the agreement without considering all pertinent information.

*David Melkus,* for Henry M. Badon and Jessie B. Badon.

*David M. Davis,* for General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, and *Sterling W. Schrock,* Assistant Attorney General, for the Director of the Bureau of Workers' Disability Compensation.

Before: MARILYN KELLY, P.J., and HOOD and DOCTOROFF, JJ.

DOCTOROFF, J. This is an appeal from a circuit court decision which rescinded the redemption agreement which had settled Henry Badon's workers' compensation claim. Defendants General Motors Corporation and the Director of the Bureau of Workers' Disability Compensation appeal as of right, raising several issues. Henry Badon and his wife have filed a cross appeal. We reverse.

General Motors claims that plaintiffs' action is barred by the principle of res judicata and that the Badons are not entitled to rescission. It alleges that a three-year statutory period of limitation bars the action against it. Both defendants argue that the trial court erred in finding that the redemption agreement violated public policy. The director also argues laches. Plaintiffs maintain that the trial court erred in refusing to admit into evidence the transcript of their appeal of a federal case in the United States Court of Appeals for the Sixth Circuit. We reverse.

On December 3, 1970, Henry Badon suffered a back injury in the course of his employment with General Motors. He filed a claim for benefits under the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* On October 26, 1971, following a hearing before a referee, Badon entered into a redemption agreement with General Motors. In exchange for $13,000, he signed a release from liability for any injury and for "all claims for workmen's compensation benefits which the plaintiff may have against the Gen-

eral Motors Corporation." He also agreed to resign his employment voluntarily, with the understanding that neither his pension nor his insurance rights would be adversely affected.

Badon had previously filed a claim for a total and permanent disability pension. He believed the redemption agreement would not impair his application for pension benefits. On December 3, 1971, General Motors denied the application, claiming that the medical evidence was insufficient. Badon asked the union to appeal the decision pursuant to the collective bargaining agreement. However, the union failed to appeal within the thirty-day time limit. Badon could not file a new application, because he was no longer a General Motors employee.

On October 31, 1977, Badon brought an action in federal district court, alleging breach of contract by General Motors and breach of the duty of fair representation by the union. The claims were dismissed as barred by a three-year statutory period of limitation. The federal court also made a finding of no fraud or mutual mistake. It dismissed without prejudice Badon's claim alleging that the redemption agreement was contrary to public policy. The Sixth Circuit Court of Appeals affirmed. *Badon v General Motors Corp,* 679 F2d 93 (CA 6, 1982).

Before the federal appellate decision, the Badons filed an action in the Genesee Circuit Court, seeking rescission of the redemption agreement. General Motors raised several affirmative defenses, including res judicata, collateral estoppel, laches, waiver, expiration of the statute of limitations, and failure to tender the $13,000 in consideration. When General Motors brought a motion for summary disposition, the trial judge denied it outright, except with respect to the count alleging lack of

consideration. That count was denied contingent on Badon tendering the $13,000 or an equivalent amount of property. Badon granted a $13,000 interest in his home to General Motors.

Trial in the Genesee Circuit Court took place on June 1 and 5, July 31, and September 1, 1987. The judge heard testimony from Joseph Mullaney, the hearing referee, from Theodore Rosenberg, Badon's attorney at the redemption hearing, and from the plaintiffs.

Mullaney testified that, in 1971, whether a redemption should be approved was left to the discretion of the hearing referee. Mullaney's first concern was to review the medical records to determine the plaintiff's future treatment needs. He would then determine whether the proposed redemption was in the plaintiff's best interests from a financial standpoint. In the instant case, Mullaney was satisfied that plaintiff was employed at the time of the hearing and that the redemption was in plaintiff's best interests.

Rosenberg testified that plaintiff was anxious to settle his workers' compensation claim. Rosenberg felt that plaintiff should have waited to see if his pension was approved before agreeing to redeem his workers' compensation claim. Plaintiff was informed that he would lose his medical insurance coverage as a result of the redemption. Rosenberg contacted plaintiff's union and was told that, if the pension application was denied, plaintiff had thirty days to appeal the denial. Plaintiff rejected Rosenberg's recommendation and insisted that he wanted to settle. Plaintiff told Rosenberg that he needed the money to buy a truck. Plaintiff did not tell Rosenberg that he was scheduled for back surgery.

Plaintiff testified that he was not employed at the time of the redemption hearing, that he was

not told whether the redemption would affect his medical insurance coverage, and that he informed the referee of his scheduled back surgery. Plaintiff agreed that he was informed that he could appeal the denial of his pension application.

The trial judge held that the redemption and the course of the redemption proceedings were violative of Michigan public policy. He ordered the redemption agreement rescinded.

General Motors claims that this cause of action is barred by the three-year statutory period of limitation applicable to wrongful discharge suits.

Initially, we note that the affirmative defense of the statute of limitations is not clearly available to defendants in this case. An action seeking rescission of a redemption agreement is equitable in nature. *Solo v Chrysler Corp (On Rehearing)*, 408 Mich 345, 351-353; 292 NW2d 438 (1980). In equitable proceedings, timeliness is determined by applying the doctrine of laches rather than the statute of limitations. However, in determining laches, courts will look to the analogous statutory period of limitation. *Romulus City Treasurer v Wayne Co Drain Comm'r*, 413 Mich 728, 748; 322 NW2d 152 (1982).

Even if we were to apply a statute of limitations in this case, the correct period would be six years, not the three years appropriate for wrongful discharge claims. MCL 600.5805(8); MSA 27A.5805(8). Plaintiffs are not seeking damages for wrongful discharge. Rather, their allegations are in the nature of fraud, mistake, or injury to financial expectations—causes of action which are subject to a six-year limitation period. MCL 600.5813; MSA 27A.5813; *Blue Cross & Blue Shield of Michigan v Folkema*, 174 Mich App 476, 481; 436 NW2d 670 (1988).

Plaintiffs' cause of action accrued no earlier

than November 10, 1971, because the redemption order did not become final for fifteen days after execution. MCL 418.837(2); MSA 17.237(837)(2). Thus, plaintiffs' original complaint in federal court was timely filed on October 31, 1977. The statutory period of limitation was then tolled until the federal action was no longer pending. MCL 600.5856; MSA 27A.5856; *Sherrell v Bugaski,* 169 Mich App 10, 17; 425 NW2d 707 (1988). A dismissal without prejudice is not an adjudication on the merits. *King v Michigan Consolidated Gas Co,* 177 Mich App 531, 535; 442 NW2d 714 (1989). The complaint in state court was filed before the appeal to the Sixth Circuit, while the federal action was still pending. Therefore, the statutory period of limitation had not expired when this action was commenced.

The director argues that plaintiffs' cause of action is barred by the doctrine of laches. He claims that, because plaintiffs waited nine years before presenting their claim, they failed to exercise due diligence.

In order to assert a laches defense successfully, a defendant must show that the passage of time combined with intervening circumstances render it inequitable to grant relief to the plaintiff. *City of Holland v Manish Enterprises,* 174 Mich App 509, 512; 436 NW2d 398 (1988). The defendant must prove a lack of due diligence on the part of the plaintiff resulting in some prejudice to the defendant. *Id.; Eberhard v Harper-Grace Hospitals,* 179 Mich App 24, 38; 445 NW2d 469 (1989). Laches is an affirmative defense which is waived if not raised in the party's responsive pleading or by motion. GCR 1963, 111.3; MCR 2.111(F)(2) and(3).

The director first mentioned this defense in his appellate brief on April 19, 1988. That was 7½ years after plaintiffs filed this action. Thus, we find

that the affirmative defense of laches has been waived.

Next, General Motors contends that plaintiffs' claim of rescission is barred by res judicata, because the same issues were decided in the federal courts.

The doctrine of res judicata acts as a bar to any action between two parties where there was a prior action involving identical parties, evidence, and issues. *King, supra,* p 535. The earlier action must have been decided on the merits, and the issues raised in the later action must have been resolved in the earlier one. A dismissal without prejudice in federal court is not a decision on the merits and will not bar a subsequent action in state court. *Id.*

The federal district judge specifically stated in his order that plaintiffs' claim alleging that the waiver of seniority and pension rights was violative of public policy was dismissed without prejudice. Because the specific issue decided by the circuit court was not decided by the federal courts, res judicata does not apply.

General Motors also argues that plaintiffs' action is precluded because plaintiffs failed to tender the consideration for the agreement before filing their complaint.

Where a settlement agreement exists, the plaintiff must tender the consideration paid before or along with the commencement of any legal proceeding contravening the agreement. *Stefanac v Cranbrook Ed Community,* 435 Mich 155, 159; 458 NW2d 56 (1990). The Supreme Court has expressly declined to decide whether this rule applies to actions seeking solely equitable relief. *Id.,* p 169.

The purpose of the rule requiring tender of consideration is to place the other party in status quo. Otherwise the fact of payment, in considera-

tion of the release, could operate as a confession of liability. *Kirl v Zinner,* 274 Mich 331, 334-335; 264 NW 391 (1936). Our Court considered the tender rule where a workers' compensation redemption was challenged in *McDonald v Zinn Drywall,* 134 Mich App 270; 350 NW2d 864 (1984). The Court ordered that tender was required, because liability for workers' compensation was disputed. The plaintiff was given thirty days to make restitution. Thus, although tender was required, the failure to tender before being ordered to do so was not a ground for dismissal.

Here, General Motors is not denying liability for workers' compensation benefits. Moreover, the approval of a redemption agreement is not an admission of liability. *Solo, supra,* p 350. Therefore, part of the rationale for the rule is absent because there is no possibility that the redemption agreement can work as a confession of liability. Finally, we note that General Motors did not raise this defense until four years after the complaint had been filed. In this case which seeks equitable relief, the failure to tender the consideration before or simultaneously with the filing of the action does not require dismissal.

Next, General Motors and the director argue that the trial court's decision to set aside the redemption agreement on the basis of public policy was erroneous.

A trial court's decision in an equity action is reviewed de novo. *Holland, supra,* p 511. However, findings of fact are reviewed under a clearly erroneous standard with due deference given to the superior position of the trial judge to determine credibility. *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990); MCR 2.613.

The equitable power of the court to rescind redemption agreements includes rescission on pub-

lic policy grounds. A contract which is contrary to public policy is illegal and void. *Federoff v Ewing,* 386 Mich 474, 481; 192 NW2d 242 (1971). Public policy has been described as "the community common sense and common conscience, extended and applied throughout the State to matters of public morals, public health, public safety, public welfare, and the like." *Skutt v Grand Rapids,* 275 Mich 258, 264; 266 NW 344 (1936). It is expressed in the constitution, statutes, judicial decisions, or customs and conventions of the people, and it concerns the primary principles of equity and justice. *Id.* What public policy requires varies with the habits and fashions of the day. *Id.,* pp 263-264; *McNamara v Gargett,* 68 Mich 454, 460-461; 36 NW 218 (1888).

The redemption of workers' compensation liability by the payment of a lump sum is authorized by § 835 of the Workers' Disability Compensation Act, MCL 418.835; MSA 17.237(835). At the time of the redemption agreement at issue in this case, § 835 provided, in its entirety:

> After 6 months time has elapsed from the date of injury, any liability resulting therefrom may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of a hearing referee. If special circumstances are found which in his judgment require the same, he may direct at any time in any case that the deferred payments due under this act be commuted on the present worth at 5% per annum to 1 or more lump sum payments and that such payments shall be made by the employer or carrier. When a redemption agreement is filed, it may be treated as a lump sum application, within the discretion of a hearing referee. The filing of a redemption agreement or lump sum application shall not be considered an admission of liability and where the hearing referee treats a redemption agreement as a lump sum application under this section, the em-

ployer shall be entitled to a hearing on the question of liability. [1969 PA 317, § 835.]

Section 837 of the act, MCL 418.837; MSA 17.237(837), provides for the processing and review of redemption agreements and, at the time of the redemption agreement, provided:

(1) The director shall direct the processing for approval or rejection by the hearing referees of all redemption agreements and lump sum applications filed under the provisions of section 835.

(2) The director may, or upon the request of any of the parties to the action shall, review the order of the hearing referee entered under this section. Unless review is ordered or requested within 15 days of the date the order of the hearing referee is mailed to the parties, the order shall be final. In the event of review and in accordance with such rules as the director may prescribe and after hearing, the director shall enter such order as he deems just and proper. Any such order of the director may be appealed to the board within 15 days after the order is mailed to the parties. [1969 PA 317, § 837.]

There were, at the time of the redemption agreement at issue in this case, no other statutory provisions regarding the requirements for a redemption agreement. These sections were discussed in *Farrell v Campbell, Wyant & Cannon Foundry Co,* 392 Mich 344, 346; 220 NW2d 450 (1974):

Our statute provides that before a redemption agreement is binding it must be approved by a referee after a hearing. MCLA 418.835, 418.837; MSA 17.237(835), 17.237(837). For this reason it is important that the referee have access to as much information as possible in making his judgment, that the proposed redemption serves the purposes

of the act. To this end the parties should be encouraged to make full disclosure of all matters surrounding the proposed redemption, secure in the knowledge that the purpose of the hearing is to pass on the propriety of the redemption rather than the legitimacy of the claim.

Hence, as expressed by our Supreme Court, the purpose of the hearing was to ensure that the proposed redemption served the purposes of the Workers' Disability Compensation Act. The theory behind the act is that the costs of industrial injuries should be borne by industry as part of its costs, not by the victims and their families or by public or private charity. See *Whetro v Awkerman,* 383 Mich 235, 242; 174 NW2d 783 (1970); *Gottlieb v Arrow Door Co,* 364 Mich 450, 453; 110 NW2d 767 (1961); *Hite v Evart Products Co,* 34 Mich App 247, 251-252; 191 NW2d 136 (1971). The purpose of the act is to provide for prompt payment to an injured worker with funds from the industry in which he is employed, while limiting the liability of the employer by shielding it from common-law tort actions. *Downie v Kent Products,* 122 Mich App 722, 743; 333 NW2d 528 (1983), aff'd in part and rev'd in part on other grounds, 420 Mich 197; 362 NW2d 605 (1984).

Guidelines for the approval of redemption agreements were added to the Workers' Disability Compensation Act by 1983 PA 151. Section 836, MCL 418.836; MSA 17.237(836), provides that a redemption agreement may not be approved without a finding that it "is just and proper under the circumstances, and is in the best interests of the injured employee." The statute lists a number of factors to be considered by the referee in making that finding. The requirements for approval of redemption agreements contained in § 836 do not

apply to a redemption agreement approved in 1971.

The record in the instant case establishes that the hearing referee was acting well within his discretion when he approved the redemption agreement. The redemption agreement did not violate public policy at the time it was approved. The trial court's ruling in this case is not an example of clarity. However, it appears that the trial court set aside the redemption because plaintiff's union failed to timely appeal the denial of plaintiff's application for a disability pension. This is not a public policy reason. The trial court clearly erred in setting aside the redemption agreement.

Lastly, plaintiffs contend in their cross appeal that the trial court erred in refusing to admit into evidence the transcript of the appeal in the Sixth Circuit. Plaintiffs wanted this evidence admitted in support of their contention that the state action was not barred by res judicata. Because we have concluded that res judicata did not bar the action, we find it unnecessary to address this issue.

Reversed.

HOOD, J., concurred.

MARILYN KELLY, P.J. *(concurring in part and dissenting in part).* I respectfully dissent from the majority's conclusion with regard to the public policy issue. As to all other issues, I concur.

The purpose of the Workers' Disability Compensation Act is remedial, to provide compensation to injured employees at the expense of the employers rather than the general public. 24 Michigan Law & Practice, Workman's Compensation, § 2, pp 229-230. Public policy written into the act in 1969 was equally applicable to an agreement reached in

1971 as it is today. That policy was that the compensation be just and proper. 1969 PA 317, § 837.

Although not expressly mentioned in the statute effective at the time of these proceedings, public policy also encouraged full disclosure. In 1974, the Supreme Court recognized the importance of the referee having as much information as possible in determining whether a proposed redemption serves the purposes of the act. *Farrell v Campbell Wyant & Cannon Foundry Co,* 392 Mich 344, 346; 220 NW2d 450 (1974).

In 1983, the act was amended to establish guidelines for the approval of redemption agreements. Under that statute, a finding must be made that a redemption agreement is just and proper under the circumstances and is in the best interests of the injured employee. MCL 418.836(1)(a); MSA 17.237(836)(1)(a). When approving it, the referee must consider, among other factors, (1) the effect of the agreement on any other benefits to which the employee is entitled, (2) the nature and extent of the employee's injuries, and (3) the marital status of the employee. Thus there is at present a clearly mandated public policy to insure that a redemption agreement be in the best interests of the employee, considering all relevant factors.

In this case, all pertinent information was not put on the record. Thus the referee's decision was not based on all of the factors which should have been considered, most particularly the effect on Badon's pension and health benefits. Public policy requiring that the agreement be just and proper was violated when the referee approved the agreement without considering all relevant factors.

General Motors and the director contend that the redemption agreement cannot be set aside on the ground of public policy where Badon had

misrepresented the facts at the redemption hearing.

The clean hands doctrine does not preclude judgment in favor of plaintiffs. At trial, Badon explained seeming inconsistencies in testimony. Apparently some of the inconsistencies existed only because testimony had been stricken from the referee's record. The trial judge found Badon's explanation at trial credible. The decision was not clearly erroneous.

The circuit court's order rescinding the redemption agreement should be affirmed.