# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY TAYLOR and JAMES NIEZNAJKO,

       Plaintiffs-Appellees,

v

MICHIGAN PETROLEUM TECHNOLOGIES, INC.,

       Defendant-Appellee,

and

CONSUMERS ENERGY COMPANY,

       Defendant-Appellant.

FOR PUBLICATION
October 14, 2014
9:00 a.m.

No. 314534
Genesee Circuit Court
LC No. 12-098397-NI

Before: METER, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In this class action suit to recover damages related to an explosion and fire, defendant, Consumers Energy Company, appeals by leave granted the trial court's order denying its motion to dismiss the claims alleged against it by plaintiffs, Gregory Taylor and James Nieznajko. On appeal, Consumers Energy argues that Taylor and Nieznajko amended their complaint to include claims against Consumers Energy after the expiration of the applicable period of limitations. Although Taylor and Nieznajko filed their amended complaint after defendant, Michigan Petroleum Technologies, Inc., indicated its belief that Consumers Energy was a third-party at fault, Consumers Energy maintains, because Michigan Petroleum did not comply with the requirements applicable to a notice of non-party at fault, Taylor and Nieznajko could not rely on MCL 600.2957(2) to extend the period of limitations and the trial court should have dismissed the claims as untimely. We conclude the trial court erred when it determined that the identification of Consumers Energy as a potential third-party at fault met the notice requirements stated under MCR 2.112(K). Because the identification did not satisfy the notice requirements, Taylor and Nieznajko could not rely on MCL 600.2957(2) to avoid application of the three year period of limitations and the trial court, accordingly, should have dismissed the claims against Consumers Energy under MCR 2.116(C)(7). For these reasons, we reverse and remand for entry of an order dismissing the claims against Consumers Energy.

-1-

## I.  BASIC FACTS

Michigan Petroleum owned and operated a facility in Clio, Michigan, which was part of its White Oil Division.  The White Oil facility had several buildings, including a building on the north end of the property that was used to store petroleum products.  On August 4, 2009, there was an explosion and fire at the north building.  Because of the hazardous nature of the materials involved in the fire, emergency personnel evacuated more than 4,500 people from nearby homes and businesses.

In June 2012, John Digicomo and Taylor sued Michigan Petroleum.  They alleged that Michigan Petroleum negligently operated the White Oil facility and that Michigan Petroleum's operation of the facility amounted to a nuisance that interfered with their use and enjoyment of their own property.  They further alleged that Michigan Petroleum's improper operation of the White Oil facility led to the explosion and fire, which harmed them.  Finally, they asked the trial court to certify them as representatives for all similarly situated persons who might have been harmed by the explosion and fire at the White Oil facility.

On August 2, 2012, just days before the three-year anniversary of the explosion and fire, Michigan Petroleum filed its answer.  In a separate section at the end of its answer, Michigan Petroleum listed various allegations that it characterized as "Affirmative and/or Special Defenses."  In the third paragraph, Michigan Petroleum alleged that any damages resulting from the fire "were caused by . . . Consumers Energy, its employees and suppliers, who supplied and/or failed to service defective electrical equipment, or who otherwise failed to anticipate or alleviate an electrical power event which caused the fire . . . suddenly and without warning."

In October 2012, Michigan Petroleum stipulated to the entry of an order allowing Taylor to file an amended complaint, which would substitute Nieznajko for Digicomo as plaintiff, and which would include claims against Consumers Energy.  In that same month, Taylor and Nieznajko filed their amended complaint.  They asserted a claim of negligence against Michigan Petroleum and added a claim that Consumers Energy negligently failed to inspect, maintain, or repair its electrical equipment at the White Oil facility, which caused the explosion and fire.  They also alleged that both Michigan Petroleum and Consumers Energy's actions amounted to a nuisance.  Finally, they asked the trial court to certify them as the representatives of all similarly situated persons who might have been harmed by the explosion and fire at the White Oil facility.

Consumers Energy responded by moving for summary disposition in November 2012.  Consumers Energy argued—in relevant part—that the allegations in the complaint by Nieznajko and Taylor demonstrate that their claims involve injuries to persons or property that must be filed within 3 years.[1]  See MCL 600.5805(10).  Nieznajko and Taylor, Consumers Energy stated, did not amend their complaint to include claims against it until more than 3 years after the explosion and fire.  Consumers Energy maintained that the 3-year period was not extended under MCL 600.2957(2), because Michigan Petroleum did not serve Nieznajko and Taylor with a notice of

---

[1] Consumers Energy moved for summary disposition on other grounds, which the trial court also denied.  The trial court's decision as to these alternate bases for relief is not before us.

nonparty-at-fault that complied with MCR 2.112(K). Accordingly, it asked the trial court to dismiss the claims against it as untimely under MCR 2.116(C)(7).

Nieznajko and Taylor disagreed that Michigan Petroleum failed to give notice of nonparty at fault. Specifically, they argued that Michigan Petroleum gave them notice that Consumers Energy might be at fault through its allegations stated in the third paragraph of its affirmative defenses.

The trial court held a hearing on the motion in January 2013. It agreed that Michigan Petroleum substantially complied with MCR 2.112(K) by notifying Nieznajko and Taylor that Consumers Energy might be at fault in its affirmative defenses. Because Nieznajko and Taylor filed their amended complaint within 91 days of the notice and filed their original complaint before the expiration of the applicable period of limitations, the trial court determined that the claims against Consumers Energy were timely under MCL 600.2957(2). As such, it denied Consumers Energy's motion in an order entered that same month.

On Consumers Energy's request, the trial court stayed further action to allow Consumers Energy to appeal its decision.

In January 2013, Consumers Energy asked for leave to appeal to this Court, which this Court denied. See *Taylor v Mich Petroleum Tech, Inc*, unpublished order of the Court of Appeals, entered October 18, 2013 (Docket No. 314534). Consumers Energy then applied for leave to appeal to our Supreme Court and, in lieu of granting leave, the Supreme Court remanded the case back to this Court for consideration as on leave granted. See *Taylor v Mich Petroleum Tech, Inc*, 495 Mich 983; 843 NW2d 927 (2014).

## II. NOTICE OF NONPARTY AT FAULT

### A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). This Court also reviews de novo whether the trial court properly interpreted and applied statutes and court rules. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

### B. COMPARATIVE FAULT AND NONPARTIES

In 1995, the Legislature generally abolished joint and several liability in favor of several liability. See 1995 PA 161. The Legislature gave effect to this policy change through several statutes, including MCL 600.2957 and MCL 600.6304.

Under MCL 600.6304(1), in an "action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties," a trial court must instruct the jury—or make independent findings after a bench trial—to answer special interrogatories assigning the "percentage of the total fault of all persons that contributed to the" injury at issue. The allocation of fault must include the fault of "each plaintiff" and should be allocated without regard to

-3-

whether the "person was or could have been named as a party to the action." MCL 600.6304(1)(b). The liability is "several only and not joint" and no person may be required to pay "damages in an amount greater than his or her percentage of fault." MCL 600.6304(4). The trial court may only enter a judgment against a party to the suit. MCL 600.6304(3).

Similarly, MCL 600.2957(1) provides that "the trier of fact" must allocate "the liability of each person" involved in an "action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death," subject to the provisions of MCL 600.6304, "in direct proportion to the person's percentage of fault." As with MCL 600.6304(1)(b), the finder of fact must allocate fault in proportion to the person's percentage of fault "regardless of whether the person is, or could have been, named as a party to the action." MCL 600.2957(1). Thus, the finder of fact must allocate fault even for nonparties, but the allocation does not give rise to liability:

> Assessments of percentages of fault for nonparties are used only to accurately determine the fault of the named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action. [MCL 600.2957(3).]

Because the finder of fact must allocate fault even to nonparties, the Legislature provided plaintiffs with an opportunity to bring the nonparty into the litigation: "after identification of a nonparty," the plaintiff may sue the nonparty by moving for permission to amend his or her complaint to allege "1 or more causes of action against that nonparty" within 91 days of the identification, which motion the trial court must grant. MCL 600.2957(2). Moreover, the Legislature provided that the plaintiff's "cause of action added under" MCL 600.2957(2) "is not barred by a period of limitation" if the cause of action would have been timely "at the time of the filing of the original action." *Id.* That is, if during the course of the litigation the plaintiff receives an "identification of a nonparty," who may be at fault, the plaintiff may sue the nonparty and the amended complaint will—for all practical purposes—relate back to the date that the plaintiff filed his or her original complaint.

With these statutory provisions, the Legislature enacted substantive changes to the law of torts by altering the balance of two competing principles: the principle that every person injured by another person or persons has the right to be fully compensated for the harm and the principle that those who cause a particular harm should only be responsible for his or her share in producing the harm. See *McDougall v Schanz*, 461 Mich 15, 30-31; 597 NW2d 148 (1999) (defining substantive law, as opposed to procedural law). By permitting the allocation of liability to nonparties, the Legislature decreased the risk that a particular defendant will be required to pay compensation for another party's share of the harm caused to the plaintiff, but increased the risk that the plaintiff will not receive full compensation for his or her injuries. This might occur where the plaintiff learns about a nonparty's role during discovery, but after the passage of the period of limitations. To mitigate the risk that an injured party will not be fully compensated, the Legislature provided plaintiffs with an opportunity to amend their complaints to include those nonparties who are identified during the course of the litigation and further provided that the amendment would be deemed timely if the claims would have been timely had the plaintiffs included them in their original complaints. Accordingly, with the enactment of MCL 600.2957(2), the Legislature made a clear policy choice in favor of allowing a plaintiff to

-4-

amend his or her complaint to include a nonparty within 91 days of the "identification of [the] nonparty" and have that amendment relate back to the filing of the original complaint for purposes of the applicable period of limitations. See *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 403-405; 738 NW2d 664 (2007) (stating that the Legislature has the unquestioned right to enact periods of limitation and provide for tolling under specified conditions).

## C.  MCR 2.112(K)

The Legislature did not define what constitutes an "identification of a nonparty" for purposes of MCL 600.2957(2) and did not address who must make the identification under that statute. Because the Legislature chose not to limit the phrase "identification of a nonparty" to acts done by any particular party and did not define what constitutes an identification within the meaning of MCL 600.2957(2), the statute could refer to any identification—formal or informal—by any party, if the words used were given their common and approved usage. See *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 439; 716 NW2d 247 (2006) (providing that courts must normally give the words used in a statute their common and approved usage); *The Oxford English Dictionary* (2d ed, 1991), p 618 (defining "identification" to mean the "action of identifying or fact of being identified"). However, after the Legislature enacted these changes, our Supreme Court promulgated an amendment to MCR 2.112, which addressed the procedures applicable to the allocation of liability to nonparties. See 453 Mich cxix.

That rule "applies to actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death to which MCL 600.2957 and MCL 600.6304" apply. MCR 2.112(K)(1). The Supreme Court provided that the trier of fact "shall not assess the fault of a nonparty unless notice has been given as provided" under MCR 2.112(K)(3). See MCR 2.112(K)(2). The notice must be filed by a party "against whom a claim is asserted" and must assert that the nonparty is "wholly or partially at fault." MCR 2.112(K)(3)(a). The notice must "designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault." MCR 2.112(K)(3)(b). Finally, the notice must be filed within 91 days after the party files its first responsive pleading. MCR 2.112(K)(3)(c).

As can be seen, the court rule provides the procedures with which a "party against whom a claim is asserted"—a defendant—must comply before a "trier of fact" will be permitted to allocate fault to a nonparty. MCR 2.112(K)(2); MCR 2.112(K)(3). That is, a defendant's failure to give the notice required under the court rule amounts to a procedural waiver of the right to have a nonparty assigned fault as provided under MCL 600.6304 and MCL 600.2957. In addition, the court rule recognizes that service of the notice required under MCR 2.112(K)(3) triggers the plaintiff's right to file a claim under MCL 600.2957(2): if a party receives "a notice under this subrule," the party served "may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty." MCR 2.112(K)(4). The rule also clarifies that, where there are multiple notices under the court rule for the same nonparty, the plaintiff must exercise its right to amend under MCL 600.2957(2) within 91 days of the first notice. Thus, the court rule impliedly limits a plaintiff's ability to take advantage of MCL 600.2957(2)—notwithstanding that there may have been an identification within the meaning of that statute—on the basis of a defendant's failure to give the notice

required under MCR 2.112(K). And, indeed, this Court held that a plaintiff may not take advantage of that statute unless a defendant provides the plaintiff with a notice of nonparty at fault that complies with MCL 600.2957(2). See *Staff v Johnson*, 242 Mich App 521; 619 NW2d 57 (2000).

In *Staff*, the lawyer for defendants, Curtis C. Marder, M.D. and his professional corporation, informally notified the plaintiff, John L. Staff, that another physician may have been responsible for the administration of the drug at issue. *Id.* at 524-526. The trial court later gave Staff permission to amend his complaint to include claims against Joel A. Johnson, M.D. and his professional corporation, who were identified as "prospective non-party defendants." *Id.* at 526. Johnson moved for summary disposition on the grounds that Staff's claim against him and his professional corporation was untimely and was not entitled to the relation back provision stated under MCL 600.2957(2) because there had not been a formal notice of nonparty at fault. *Id.* at 527. The trial court acknowledged that there had been no formal notice, but determined that such notice was not required. *Id.* There was also evidence that Staff's lawyer stipulated to forgo the notice requirement. *Id.* at 529.

On appeal, this Court rejected the notion that Staff's lawyer could stipulate to forgo the notice requirement and concluded that the failure by Marder's lawyer to provide formal notice was purposeful because he "could not establish reasonable diligence for failing to timely name [Johnson and his professional corporation]." *Id.* at 529. The Court also rejected the contention that the provisions of MCL 600.2957(2) govern despite the time limit provided under MCR 2.112(K)(3)(c). *Staff*, 242 Mich App at 530-531. It explained that statutes governing a period of limitations are procedural, not substantive, and, therefore, the Supreme Court's rules prevail when there is a conflict between a statutory provision governing the period of limitations and a related court rule. *Id.* at 531-532. The Court further justified its holding on the basis of public policy: "Parties could use the statute to add parties years after the litigation commenced to delay trial or encourage resolution by increasing the potential for settlement without regard to the rights of additional parties to be free from fear of litigation." *Id.* Because the parties must strictly comply with the court rule's notice provisions before a party may be added under MCL 600.2957(2), which was not done, the Court in *Staff* reversed the trial court's decision to deny Johnson's motion for summary disposition under MCR 2.116(C)(7). *Id.* at 533-534.

### D. APPLICATION OF THE LAW

Here, Michigan Petroleum did not serve Taylor and Nieznajko with a formal notice of its intent to have the finder of fact allocate fault to Consumers Energy, as required under MCR 2.112(K). Rather, it alleged—under the heading of affirmative or special defenses—that any damages "were caused by circumstances beyond [Michigan Petroleum's] control," which included "the intervening and superseding acts of negligence" by "Consumers Energy, its employees and suppliers, who supplied and/or failed to service defective electrical equipment, or who otherwise failed to anticipate or alleviate an electrical power event which caused the fire . . ." Although the court rule does not require the party giving notice to give notice in a separate document, by referring to "a notice" and "the notice" which has been "filed", our Supreme Court indicated that the requirements of that rule must be met by a provision that is filed under the rule—that is, the filing must be identified as one purporting to give notice that the defendant is

-6-

asserting his or her right to have the finder of fact allocate fault to a third party under the court rule. See, e.g., MCR 2.112(K)(3).

When Michigan Petroleum identified Consumers Energy as the party responsible for the harm, it did so in its affirmative defenses. Affirmative defenses must be stated under a "separate and distinct heading" and must include a statement of the facts constituting the defense. MCR 2.111(F)(3). The notice provisions applicable to affirmative defenses also serve a purpose that is distinct from that served by MCR 2.112(K). With an affirmative defense, the defendant does not challenge the plaintiff's prima facie case, but denies that the plaintiff is entitled to the requested relief. *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993). By requiring the party asserting such a defense to state the facts constituting the defense under a separate and distinct heading, the court rules ensure that the adverse party will have sufficient information to take a responsive position. *Id.* at 317. By contrast, a notice of nonparty at fault notifies the plaintiff that the defendant intends to have the finder of fact consider the fault of a third party and ensures that the plaintiff will have the opportunity to timely assert a claim against that party. Because the notice requirements serve distinct purposes and involve different criteria, a party may not properly join these notices into a single section. Rather, each notice must be separately stated under a distinct heading, if not in a separate document.

In any event, even if Michigan Petroleum could properly give notice of nonparty at fault along with its notice of affirmative defenses, its notice was still deficient in several respects. Michigan Petroleum did not identify Consumers Energy as a nonparty at fault, did not cite MCR 2.112(K), and did not otherwise state that it was asserting its right to have the finder of fact allocate fault to Consumers Energy. The actual statement—at best—gave notice that Michigan Petroleum would argue that its acts or omissions did not proximately cause the injuries at issue or that there was an intervening unforeseeable act that cut off liability. See, e.g., *Veltman v Detroit Edison Co*, 261 Mich App 685, 694-696; 683 NW2d 707 (2004) (holding that a defendant's failure to file a notice of nonparty at fault under MCR 2.112(K) did not preclude the defendant from presenting evidence that the injury at issue was caused by a nonparty because that evidence went to causation). Therefore, it did not serve as the notice required by MCR 2.112(K).

In addition, in order to comply with the court rule, the party giving notice must "designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault." MCR 2.112(K)(3)(b). Michigan Petroleum did not, however, "designate" Consumers Energy as a nonparty at fault, did not provide an address for Consumers Energy—despite the fact that it is a well known business, and did not provide a "basis for believing" that Consumers Energy was at fault beyond its bald assertion that Consumers Energy caused the explosion and fire. Even if a party could serve a notice of nonparty at fault in its affirmative defenses, the notice here plainly did not comply with the requirements stated under MCR 2.112(K)(3). Accordingly, the trial court erred when it determined that Michigan Petroleum complied with the notice requirements stated under MCR 2.112(K)(3).

### III. CONCLUSION

The trial court erred when it determined Michigan Petroleum provided Taylor and Nieznajko with the notice required under MCR 2.112(K)(3). Moreover, because proper notice under that rule is a prerequisite to the application of MCL 600.2957(2), the trial court could not apply that statute to save Taylor and Nieznajko's otherwise untimely claims against Consumers Energy. The trial court should have dismissed those claims under MCR 2.116(C)(7).

Reversed and remanded for entry of an order dismissing Taylor and Nieznajko's claims against Consumers Energy. We do not retain jurisdiction. As the prevailing party, Consumers Energy may tax its costs. MCR 7.219(A).

/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly