# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY TAYLOR and JAMES NIEZNAJKO,

Plaintiffs-Appellants,

v

MICHIGAN PETROLEUM TECHNOLOGIES, INC.,

Defendant-Appellee,

and

CONSUMERS ENERGY COMPANY,

Defendant.

UNPUBLISHED
July 18, 2017

No. 331048
Genesee Circuit Court
LC No. 12-098397-NI

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

This case arises out of what Gregory Taylor, the named plaintiff, describes as "a massive explosion and fire" that occurred in Clio, Michigan, on August 4, 2009, at a facility that was operated by Michigan Petroleum Technologies, Inc. ("MPT"). According to Taylor, "[r]esidents and business were evacuated from the area and ordered not to return to their homes." The record reflects that the evacuation order remained in place for less than 24 hours. Approximately three years after the fire and explosion, Taylor and James Nieznajko filed the original complaint against MPT and Consumers Energy Company, asserting nuisance and negligence claims and seeking class certification with respect to "[a]ll persons who own homes or property who have suffered damage to property, loss of enjoyment of their property or loss of the use of their property at any time from August 4, 2009 up to the date of trial . . . as a result of the White Oil Fire and Explosion." MPT eventually moved for summary disposition with respect to both claims, and the trial court granted that motion. Taylor appeals as of right that order.[1] On appeal,

---

[1] Nieznajko, the second named plaintiff, was dismissed as a party with prejudice during the pendency of this case and is seemingly not involved in this appeal. Consumers Energy Company

-1-

Taylor argues that the circuit court erred in granting MPT's motion for summary disposition for two reasons. First, Taylor contends, summary disposition was improper because discovery was not complete. Second, Taylor contends, summary disposition was improper because a question of fact exists with respect to his nuisance and negligence claims. Because we disagree in each respect, we affirm.

> This Court reviews a trial court's decision on a motion for summary disposition de novo. When reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court considers the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion to determine whether a genuine issue of material fact exists. The motion is properly granted if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. [*Laster v Henry Ford Health Sys*, 316 Mich App 726, 733-734; 892 NW2d 442 (2016) (internal citations and quotation marks omitted).]

At the outset, Taylor argues that summary disposition was improper because discovery was not complete.[2] "However, summary disposition before the close of discovery is appropriate if there is no reasonable chance that further discovery will result in factual support for the nonmoving party." *Colista v Thomas*, 241 Mich App 529, 537-538; 616 NW2d 249 (2000). In his brief on appeal, Taylor does not specifically indicate whether any further discovery will result in factual support for his claims. Rather, he repeatedly points to the lack of discovery, but that is not the appropriate inquiry. The appropriate inquiry focuses on whether there is a reasonable chance that further discovery would result in factual support for his claim, and, at best, Taylor vaguely argues that, "[u]pon remand, additional discovery during the merits phase will further substantiate Taylor's claims" without elaboration. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 518; 885 NW2d 861 (2016) (citations and internal quotation marks omitted). Consequently, to the extent such an argument might be inferred from Taylor's brief on appeal, it is abandoned. *Id*.[3] Therefore, we conclude that the trial court did not err by granting MPT's

---

was also, eventually, dismissed as a party. See *Taylor v Petroleum Tech, Inc*, 307 Mich App 189; 859 NW2d 715 (2014).

[2] Specifically, Taylor argues, and MPT apparently concedes, that, generally, discovery with respect to the merits of Taylor's claims had not commenced at the time MPT moved for and was granted summary disposition. Nevertheless, it should be noted that discovery was ongoing at the time the motion was filed; however, that discovery was limited to the issue of class certification, which, as mentioned below, did address whether Taylor, as well as other potential plaintiffs, could prove certain damages as a result of the fire and explosions.

[3] Furthermore, it should be noted that the trial court's decision to grant summary disposition was premised on Taylor's inability to prove damages, and discovery with respect to damages had taken place at the time summary disposition was granted.

motion for summary disposition before discovery was complete. Whether it erred by granting the motion for other reasons, however, presents different issues.

The first is whether a genuine issue of material fact exists on Taylor's nuisance claim. We agree with the trial court that one does not. Our Supreme Court has summarized a private nuisance claim, in relevant part, as follows:

> Historically, Michigan has recognized two distinct versions of nuisance, public nuisance and private nuisance. A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. It evolved as a doctrine to resolve conflicts between neighboring land uses. Because nuisance covers so many types of harm, it is difficult to articulate an encompassing definition. Imprecision in defining nuisance leads to confusion regarding the interest it is designed to protect. Nevertheless, the gist of a private nuisance action is an interference with the occupation or use of land or an interference with servitudes relating to land. There are countless ways to interfere with the use and enjoyment of land including interference with the physical condition of the land itself, disturbance in the comfort or conveniences of the occupant including his peace of mind, and threat of future injury that is a present menace and interference with enjoyment. The essence of private nuisance is the protection of a property owner's or occupier's reasonable comfort in occupation of the land in question. . . .

> According to the Restatement, an actor is subject to liability for private nuisance for a non-trespassory invasion of another's interest in the private use and enjoyment of land if (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct.

> Prosser & Keeton's enumeration of the requirements to recover on a private nuisance theory is similar. They set forth the following requirements:

>> (1) The defendant acted with the intent of interfering with the use and enjoyment of the land by those entitled to that use;

>> (2) There was some interference with the use and enjoyment of the land of the kind intended, although the amount and extent of that interference may not have been anticipated or intended;

>> (3) The interference that resulted and the physical harm, if any, from that interference proved to be substantial. It is this requirement and the next that is most important in distinguishing between trespassory-type invasions from those that are actionable on a nuisance theory. Any intentional and unprivileged entry on

land is a trespass without a showing of damage, since those who own land have an exclusive right to its use; but an act that interferes with use but is not in itself a use is not actionable without damage. The substantial interference requirement is to satisfy the need for a showing that the land is reduced in the value because of the defendant's conduct;

(4) The interference that came about under such circumstances was of such a nature, duration or amount as to constitute unreasonable interference with the use and enjoyment of the land. This does not mean that the defendant's conduct must be unreasonable. It only means that the interference must be unreasonable and this requires elaboration.

\* \* \*

The doctrine of nuisance traditionally encompassed geographic, temporal, and proprietary aspects. . . .

In temporal terms, nuisance normally required some degree of permanence. If the asserted interference was temporary and evanescent, there was no actionable nuisance. This requirement is normally subsumed in the question whether the interference with the use and enjoyment of property is substantial. . . .

As the doctrine of trespass was gradually transmuted into the action upon the case for nuisance, the requirement that the injury involve entry onto the complainant's land was eliminated. To limit the broader action on the case for nuisance, courts added the requirement that a litigant seeking to recover for nuisance must show a legally cognizable injury, requiring proof of a significant interference with the use and enjoyment of land. Although much confusion has arisen because of the failure to discern that injury and damage are different concepts, an interference that is not substantial and unreasonable does not give rise to an action for damages against the person causing it, damnum absque injuria. Stated otherwise, while nuisance may be predicated on conduct of a defendant that causes mental annoyance, it will not amount to a substantial injury unless the annoyance is significant and the interference is unreasonable in the sense that it would be unreasonable to permit the defendant to cause such an amount of harm without paying for it. [*Adkins v Thomas Solvent Co*, 440 Mich 293, 302-310; 487 NW2d 715 (1992) (citations omitted).]

Consequently, "[o]nly for a substantial interference with the use and enjoyment of property would an action lie." *Id*. at 310.

On appeal, Taylor argues that the determination whether the alleged nuisance constituted substantial interference as required by *Adkins* was for the jury, not the trial court, to make. We disagree. As indicated above, a private nuisance claim requires that a plaintiff prove significant

and unreasonable interference. *Adkins*, 440 Mich at 309-310. Taylor has not demonstrated an ability to do so. The record reflects that the only damage allegedly suffered by Taylor was a *temporary* evacuation. As the trial court recognized, the evacuation order was in effect for less than 24 hours, which, in our view, is insufficient to constitute the significant and unreasonable harm that is required under *Adkins*. While Taylor is correct in his assertion that *Adkins* and this case are factually distinguishable, that assertion, alone, does not alter our conclusion. Therefore, we conclude that the trial court correctly granted summary disposition with respect to Taylor's nuisance claim.

The second issue is whether a genuine issue of material fact exists on Taylor's negligence claim. We agree with the trial court that one does not. " 'To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages.' " *Quinto v Woodward Detroit CVS, LLC*, 305 Mich App 73, 75; 850 NW2d 642 (2014), quoting *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000).

> Proving causation requires proof of both cause in fact and proximate cause. Cause in fact requires that the harmful result would not have come about but for the defendant's negligent conduct. Cause in fact may be established by circumstantial evidence, but such proof must facilitate reasonable inferences of causation, not mere speculation. A plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. A mere possibility of such causation is not sufficient; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict in favor of the defendant. Normally, the existence of a cause in fact is a question for the jury to decide, but if there is no issue of material fact, the question may be decided by the court. [*Genna v Jackson*, 286 Mich App 413, 417-418; 781 NW2d 124 (2009) (internal citations and quotation marks omitted).]

On appeal, Taylor argues that the trial court erred by dismissing its negligence claim as a discovery sanction. Even if we assume that this is true, we nevertheless conclude that the trial court correctly granted MPT's motion for summary disposition, even if it did so for the wrong reason.[4] Stated simply, nothing in the record, beyond Taylor's own speculation, supports

---

[4] It is not entirely clear, at least in our view, that the trial court granted MPT's motion for summary disposition as a discovery sanction for discarding the pool. While the trial court did mention the fact that the pool was discarded, it appears that its mention in this regard was only one factor of many that led to its ultimate decision. Indeed, it appears that the trial court's decision to grant MPT's motion for summary disposition was based on Taylor's inability to offer anything but mere speculation to support its decision. Nevertheless, even if we assume that the trial court dismissed Taylor's negligence claim as a discovery sanction, we can still affirm the ultimate decision. See *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003)

Taylor's position. He claims that the fire and explosion at issue damaged his pool, but he discarded the pool, and the only evidence of any damage, much less the causation of that damage, is his self-serving speculation that the pool was damaged by the fire and explosion. According to him, there was some sort of sediment on the top or inside of part of the pool. In our view, that testimony, *alone*, is insufficient. Therefore, we conclude that the trial court correctly granted summary disposition with respect to Taylor's negligence claim as well.

Affirmed.[5] MPT, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen

---

("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

[5] Taylor also argues that the trial court abused its discretion by denying his motion for reconsideration. However, "a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). As Taylor expressly acknowledges in his brief on appeal, his "motion for reconsideration raised substantively similar points as those discussed *supra* with respect to the trial court's improper ruling . . . ." Therefore, under MCR 2.119(F)(3), the trial court did not abuse its discretion in denying Taylor's motion.