*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAUREEN ST. CLAIR,

        Plaintiff-Appellant,

v

XPO LOGISTICS, INC., doing business as UX
ASSEMBLY & INSTALLATION,

        Defendant/Cross-Plaintiff-Appellee,

and

ICON HEALTH & FITNESS, INC.,

        Defendant-Appellee

and

CMC LOGISTICS, INC.,

        Defendant/Cross-Defendant-Appellee.

FOR PUBLICATION
December 1, 2022

No. 356954
Macomb Circuit Court
LC No. 2019-004971-NO

MAUREEN ST. CLAIR,

        Plaintiff,

v

XPO LOGISTICS, INC., doing business as UX
ASSEMBLY & INSTALLATION,

        Defendant/Cross-Plaintiff-Appellant,

and

ICON HEALTH & FITNESS, INC.,

        Defendant,

No. 356968
Macomb Circuit Court
LC No. 2019-004971-NO

-1-

and

CMC LOGISTICS, INC.,

        Defendant/Cross-Defendant-Appellee.

_____

Before:  SAWYER, P.J., and SHAPIRO and REDFORD, JJ.

SHAPIRO, J (*concurring in part, dissenting in part*).

I concur with the majority that XPO Logistics, Inc., was entitled to summary disposition. However, I respectfully dissent from the majority's conclusion that summary disposition was warranted with respect to CMC Logistics, Inc., and ICON Health & Fitness, Inc.

## I.  CMC

CMC did not seek summary disposition on the merits of plaintiff's claims.  That is, for purposes of summary disposition, CMC is not contesting that it negligently installed plaintiff's treadmill.  Rather, CMC argues that plaintiff's claims against CMC are barred by the three-year limitations period.  MCL 600.5805(2).  CMC further argues that statutory tolling under MCL 600.5856(a) does not apply because CMC was not named as a defendant in the original action filed in federal court but rather was brought into that case through an amended pleading pursuant to MCL 600.2957(2) after the limitations period had run.  The trial court agreed with CMC's arguments.

Plaintiff argues that when collectively applied, MCL 600.2957(2) and MCL 600.5856 render her complaint in this action timely.  I agree and conclude that a straight-forward application of MCL 600.2957(2) and MCL 600.5856(a) shows that plaintiff's claim against CMC is tolled from the date that plaintiff's original action in federal court was filed, such that her complaint against CMC in the instant case is not barred by the statute of limitations.

MCL 600.2957(2) provides:

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty.  A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

MCL 600.2957(2) relates to the trier of fact's duty to assess respective percentages of fault in tort actions.  "In a tort action seeking damages for personal injury, the trier of fact must determine the fault of each person or persons who contributed to the injury, regardless of whether such persons were or could have been named as parties."  *Snyder v Advantage Health Physicians*, 281 Mich App 493, 500; 760 NW2d 834 (2008).  "But the trier of fact may not assess the fault of a nonparty, unless the defendant has given timely notice of the nonparty fault claim."  *Id*., citing

in part MCR 2.112(K)(2). Once the defendant gives timely notice of a nonparty, "the plaintiff may sue the nonparty and the amended complaint will—for all practical purposes—relate back to the date that the plaintiff filed his or her original complaint." *Taylor v Mich Petroleum Technologies, Inc*, 307 Mich App 189, 196; 859 NW2d 715 (2014). In other words, for statute of limitations purposes, the amended complaint is viewed as having been filed on the date of the original action. See *Stenzel v Best Buy Co*, 320 Mich App 262, 269; 906 NW2d 801 (2017), aff'd 503 Mich 199 (2019) (explaining that under MCL 600.2957(2) "any amendment of a pleading to add a cause of action against an identified nonparty at fault relates back to the date of the filing of the original action *for purposes of assessing whether the applicable period of limitations has expired*.") (emphasis added).

In plaintiff's federal action, MCL 600.2957(2) applied to render the amended complaint against CMC timely, despite being filed outside the three-year limitations period. The incident causing plaintiff's injury occurred on March 16, 2015. Plaintiff brought her federal suit against ICON and XPO on January 11, 2018, within the three-year limitations period. On May 18, 2018, XPO filed a notice identifying CMC as a nonparty at fault. Plaintiff then filed an amended complaint adding CMC as a party on August 15, 2018, more than three years after the underlying injury. However, because CMC was identified as a nonparty at fault by XPO, MCL 600.2957(2) applied such that plaintiff's amended complaint bringing a claim against CMC related back to the original action against ICON and XPO. Accordingly, for statute of limitations purposes, the amended complaint against CMC in the federal action is deemed to have been timely filed on January 11, 2018.

The question becomes whether the filing of a prior action tolls the statute of limitations under MCL 600.5856(a) with respect to a party that is brought into the prior action via MCL 600.2957(2), when that claim would have otherwise been time-barred.

MCL 600.5856(a) provides that "[t]he statutes of limitations . . . are tolled . . . [a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." MCL 600.5856(a) "comes into play where a party files suit beyond the limitation period and seeks to toll the time that elapsed during a previously dismissed lawsuit against the same defendant" when the prior dismissal was not based on the merits. *Terrace Land Development Corp v Seeligson & Jordan*, 250 Mich App 452, 459; 64 NW2d 524 (2002). It is well settled that under MCL 600.5856(a), the filing of a federal action tolls the statute of limitations until the federal action is no longer pending. See e.g., *Badon v Gen Motors Corp*, 188 Mich App 430, 436; 470 NW2d 436 (1991);[1] *Lee v Grand Rapids Bd of Ed*, 148 Mich

---

[1] The *Badon* Court specifically held that "[t]he statutory period of limitation was . . . tolled until the federal action was no longer pending." *Badon*, 188 Mich App at 436. The majority's suggestion that the instant suit against XPO is also barred by the statute of limitations is plainly at odds with *Badon*, which is binding precedent. See MCR 7.215(J)(1). The federal suit against XPO was timely filed on January 11, 2018. That action tolled the statute of limitations until it was dismissed on December 6, 2019, at which point plaintiff filed the instant suit. Accordingly, plaintiff's claim against XPO is not time barred.

App 364, 370; 384 NW2d 165 (1986); *Ralph Shrader, Inc v Ecclestone Chem Co*, 22 Mich App 213, 214-215; 177 NW2d 241 (1970).

To begin, the trial court erred by determining that MCL 600.5856(a) has no application in this case. As noted, MCL 600.5856(a) applies when the first lawsuit is dismissed without an adjudication on the merits and the second lawsuit was not commenced within the limitation period. *Terrace*, 250 Mich App at 459. That is precisely the scenario presented here. In my view then, resolution of this issue turns simply on the applicable tolling date. That is, with respect to CMC, we must determine whether the statute of limitations is tolled from the original action filed in federal court on January 11, 2018, or from the amended complaint filed against CMC on May 18, 2018.

I conclude that the language of MCL 600.2957(2) and its interpretative caselaw establish that the relevant tolling date is the date of the original action. As discussed, MCL 600.2957(2) dictates that an amended complaint against a nonparty relates back to the date of the original filing. *Taylor*, 307 Mich App at 196. For limitations purposes, the amended complaint against in CMC in the first action is considered as having been filed on January 11, 2018. See *Stenzel*, 320 Mich App at 269. Accordingly, I see no reason why this should not also be considered the filing date for purposes of tolling under MCL 600.5856(a). Both statutes are contained within the Revised Judicature Act of 1961, MCL 600.101 *et seq*., and relate to statute of limitations issues. "Under the *in pari materia* doctrine, statutes that relate to the same subject or that share a common purpose should, if possible, be read together to create a harmonious body of law." *Hegadorn v Dep't of Human Servs Dir*, 503 Mich 231, 264; 931 NW2d 571 (2019) (quotation marks, citation, and alteration omitted). As plaintiff argues, it would be inconsistent to conclude that plaintiff's claim against CMC in the federal action was timely filed on January 11, 2018, for limitation purposes in that action, but that the May 18, 2018 filing date of the amended complaint controls the limitations issue in this case.

CMC offers no persuasive argument suggesting the Legislature intended this result. See *Schaendorf v Consumers Energy Co*, 275 Mich App 507, 513; 739 NW2d 402 (2007) ("The burden of establishing that a claim is barred by the statute of limitations is on the party asserting the defense."). CMC emphasizes that MCL 600.2957(2) speaks only of allowing an amended pleading against a nonparty, and that it does not address a second or subsequent lawsuit in which the nonparty is named as a defendant. I agree with CMC and the majority that MCL 600.2957(2), by itself, does not resolve the question before us or offer plaintiff any relief. Rather, this issue turns on the interplay between MCL 600.2957(2) and MCL 600.5856(a). And CMC and the majority fail to appreciate that the statutes serve different, but ultimately related purposes. MCL 600.5856(a) directs courts to look to when the prior action was filed. MCL 600.2957(2), in turn, tells us for limitation purposes when an amended pleading adding a nonparty is deemed to have been filed, i.e., it relates back to the filing of the original action. In other words, MCL 600.2957(2) represents a specific answer to MCL 600.5856(a)'s general inquiry.

Finally, I note that the majority's interpretation of the statutes at issue is at odds with the purpose of MCL 600.2957(2). See *People v Zitka*, 325 Mich App 38, 49; 922 NW2d 696 (2018) ("Statutory language should be construed reasonably, keeping in mind the purpose of the act."). As we explained in *Taylor*, 307 Mich App at 196-197:

By permitting the allocation of liability to nonparties, the Legislature decreased the risk that a particular defendant would be required to pay compensation for another party's share of the harm caused to the plaintiff, but increased the risk that the plaintiff would not receive full compensation for his or her injuries. This might occur when the plaintiff learns about a nonparty's role during discovery, but after the passage of the period of limitations. *To mitigate the risk that an injured party would not be fully compensated,* the Legislature provided plaintiffs with an opportunity to amend their complaints to include those nonparties who are identified during the course of the litigation and further provided that the amendment would be deemed timely if the claims would have been timely had the plaintiffs included them in their original complaints. Accordingly, with the enactment of MCL 600.2957(2), the Legislature made a clear policy choice in favor of allowing a plaintiff to amend his or her complaint to include a nonparty within 91 days of the "identification of [the] nonparty" and have that amendment relate back to the filing of the original complaint for purposes of the applicable period of limitations. [Emphasis added.]

In other words, MCL 600.2957(2) protects plaintiffs from the unfairness of being unable to seek recovery from an alleged party at fault that is identified after the statute of limitations has run. I am unable to discern any basis for concluding that the Legislature intended to preclude plaintiffs from seeking recovery from an alleged party at fault in a second action if the first action is dismissed without prejudice. To do so would be counter to the legislative policy choice that nonparties identified by defendants after the period of limitations has expired should not be shielded from liability.

In sum, I conclude that, with respect to nonparties added to a prior action pursuant to MCL 600.2957(2), the tolling date for purposes of MCL 600.5856(a) is the date of the filing of the original action in the first case, rather than the amended complaint adding the nonparty. Accordingly, the filing of the federal action on January 11, 2018, stopped the running of the statute limitations as to all defendants, and the complaint filed in this case on the same date the federal action was dismissed is not barred by the three-year limitations period.[2]

## II. ICON

I also disagree with the majority's conclusion that the trial court correctly granted summary disposition of plaintiff's products-liability claim against ICON on the basis of MCL 600.2947(2), which provides:

A manufacturer or seller is not liable in a product liability action for harm caused by misuse of a product unless the misuse was reasonably foreseeable. Whether there was misuse of a product and whether misuse was reasonably foreseeable are legal issues to be resolved by the court.

---

[2] Given this conclusion, I decline to address plaintiff's alternative argument that equitable tolling applies in this case.

-5-

The alleged misuse identified in ICON's motion for summary disposition was plaintiff's failure to wear the safety clip. Plaintiff acknowledges that she did not use the safety clip, and she does not contest that this constitutes "misuse" of the product as defined by MCL 600.2945(e). The question for this Court then is whether this misuse was reasonably foreseeably to ICON.

Plaintiff argues that the following depiction on ICON's website of a person using the treadmill without a safety clip lanyard shows that ICON was aware of this misuse:



I agree with plaintiff that this image compels the conclusion that ICON was aware that it is a common practice to use the treadmill without the safety clip. The trial court declined to consider this evidence on the basis that plaintiff did not provide legal authority to support their argument regarding this image. However, regardless of caselaw, a manufacturer's marketing materials are relevant to what a manufacturer knew, or should have known, at the time of manufacturing the product. See MRE 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Plainly, materials that ICON produced tend to show what knowledge ICON possessed. While not an explicit admission, this image shows that ICON had actual knowledge that people do not use the safety clip.

Further, the scarcity of caselaw on this specific issue is likely due to the fact that companies do not typically advertise use of their products contrary to the warnings regarding the product's risk. Nonetheless, there is at least one products-liability case holding that the alleged misuse was foreseeable when it was consistent with a depiction in the product's manual. See *Yamaha Motor Co, USA v Arnoult*, 114 Nev 233, 241; 955 P2d 661 (1998) (holding that "[i]t was . . . foreseeable that a rider [of an ATV] would emulate the depiction in the owner's manual of a rider climbing a hill with a thirty-degree slope at half-throttle.").[3]

The trial court also found sua sponte that plaintiff's failure to read the safety manual or place the treadmill with adequate clearance were "misuses" under the statute. First, using a product without reading the manual does not constitute "use of a product in a materially different manner than the product's intended use." MCL 600.2945(e) (emphasis). The definition provided by MCL

---

[3] "Caselaw from sister states and federal courts is not binding precedent but may be relied on for its persuasive value." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

600.2945(e) is clearly aimed at *how* a person uses the product, not whether they read the instructional manual before doing so.[4]  Second, using the treadmill without adequate clearance was reasonably foreseeable given that the professional installers of the treadmill apparently did not know or appreciate the significance of the clearance requirement.  Indeed, Daniel Chadwick, the former owner of CMC, was not aware of any clearance requirements for treadmills.[5]  It is also reasonably foreseeable that people will place treadmills in their home where it is convenient, as opposed to prioritizing an eight-foot clearance distance.  Indeed, ICON does not dispute that it had prior knowledge of this particular misuse.  Accordingly, even considering the additional misuses sua sponte identified by the trial court, I would conclude that the "particular misuse" in this case was reasonably foreseeable.  *Iliades v Dieffenbacher North America Inc*, 501 Mich 326, 337; 915 NW2d 338 (2018).

Given its ruling on the statutory defense, the majority does not address whether ICON is entitled to summary disposition on the merits of plaintiff's failure-to-warn claim.  I conclude that there is question of fact on that matter precluding summary disposition.

Plaintiff contends that the treadmill contained inadequate warnings regarding the entrapment danger posed by the treadmill being placed too close to a wall.  Manufacturers have a duty to warn purchasers or users of dangers associated with the intended use or reasonably foreseeable misuse of their products.  *Glittenberg v Doughboy Recreational Indus (On Reh'g)*, 441 Mich 379, 387-388, 491 NW2d 208 (1992).  For a plaintiff to prevail on a failure-to-warn theory, it must established that the manufacturer: (1) had actual or constructive knowledge of the claimed danger; (2) had "no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition," and (3) "fail to exercise reasonable care to inform [users] of its dangerous condition or of the facts which make it likely to be dangerous."  *Id*.

---

[4] In addition to arguing that the placement of the treadmill and the failure to use the lanyard, ICON argues that use of the treadmill while on prescription medication was not reasonably foreseeable. However, while plaintiff's use of her prescription medication goes to comparative negligence (assuming ICON can show negligence and a causal link, which it has not yet done), it does not constitute misuse as defined by MCL 600.2945(e).  The statute defines "misuse" to include the following: (1) "uses inconsistent with the specifications and standards applicable to the product," (2) "uses contrary to a warning or instruction provided by the manufacturer, seller, or another person possessing knowledge or training regarding the use or maintenance of the product," and (3) "uses other than those for which the product would be considered suitable by a reasonably prudent person in the same or similar circumstances."  MCL 600.2945(e).  The first category includes the placement of the treadmill and the failure to use the lanyard.  The third category is irrelevant because plaintiff was using the treadmill for exercise, which is a suitable use.  And since the manual does not warn against use of the treadmill while on medication, the second factor is also irrelevant.

[5] Chadwick also testified that he believed someone could get hurt "from the fall" if they fell from the treadmill, but his answers make clear that he was not thinking about someone getting entrapped.

A failure-to-warn claim may be predicated on the adequacy of the warning. See *Bouverette v Westinghouse Elec Corp*, 245 Mich App 391, 395-396; 628 NW2d 86 (2001) ("[T]he adequacy of a warning is an issue of reasonableness, and reasonableness is a question of fact."). Accordingly, unlike the statutory misuse defense, whether the treadmill contained adequate warnings is a question of fact for the jury decide, unless reasonable minds could not differ on that conclusion. See *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

I conclude that there is sufficient record evidence to create a material question of fact regarding the adequacy of the warning. First, ICON concedes that it knew of the entrapment danger. ICON's engineering expert was aware of safe clearance distances and the dangers of a treadmill user becoming trapped between the rear of the machine and the wall. Second, the evidence supports the conclusion that ICON had "no reason to believe" that treadmill users would realize the entrapment danger. *Glittenberg*, 441 Mich at 390. Plaintiff's expert testified that the entrapment risk would not be apparent to the typical user. ICON, on the other hand, offers no explanation why this latent danger should be apparent to the average user. And it is apparent from the record that the professional installers of the treadmill in this case did not know of or appreciate this risk. Viewing the evidence in a light most favorable to plaintiff, there is a question of fact for trial whether ICON had reason to believe that the product's users would realize the entrapment danger.

Finally, the evidence also supports the conclusion that ICON failed to exercise reasonable care to warn users of the entrapment danger. The user manual provides the following instruction regarding the required clearance:

> 6. Place the treadmill on a level surface, with at least 8 ft. (2.4 m) of clearance behind it and 2 ft. (0.6 m) on each side. Do not place the treadmill on any surface that blocks air openings. To protect the floor or carpet from damage, place a mat under the treadmill.

There is no explanation of the entrapment hazard in this instruction (or elsewhere in the manual), nor any indication that the purpose of the clearance instruction is to protect the user from harm. Also absent is any graphic or depiction showing how someone could be trapped between the treadmill and the wall. Given the context, this brief instruction could reasonably read as concerning only the performance and maintenance of the treadmill. Further, there were no clearance warnings put on the product itself, which would have unequivocally alerted the user or installer of the importance of having the required clearance.

ICON make several arguments as to whether it exercised reasonable care, all of which are unavailing. ICON correctly notes that there is no duty to warn of "specific injuries" that could result from using the treadmill. See *Greene v AP Prod, Ltd*, 475 Mich 502, 510; 717 NW2d 855 (2006). But plaintiff does not argue that ICON should have warned of all specific injuries that may result from using the treadmill or from becoming trapped between the running tread and wall. Rather, she argues that ICON should have included a general warning regarding the entrapment danger. This argument is consistent with Michigan caselaw. See *Glittenberg*, 441 Mich at 400 ("[W]arnings that parse the risk are not required. The general danger encompasses the risk of the specific injury sustained.").

ICON also argues that requiring it to place the clearance requirements or entrapment danger on the treadmill would violate MCL 600.2945(j), which shields manufacturers from liability for failing to provide a warning to a "sophisticated user." That term is defined as "a person or entity that, by virtue of training, experience, a profession, or legal obligations, is or is generally expected to be knowledgeable about a product's properties, including a potential hazard or adverse effect." MCL 600.2945(j). ICON does not argue that plaintiff should be considered a sophisticated user. Rather, ICON makes this argument with respect CMC's deliverymen and installers. But in no sense of the word were the installers "users" of the treadmill. Accordingly, this statute has no application in this case.

Next, ICON contends that because plaintiff did not read the treadmill manual, she cannot establish causation. See *Mascarenas v Union Carbide Corp*, 196 Mich App 240, 251; 492 NW2d 512 (1992), overruled in part on other grounds in *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 406; 738 NW2d 664 (2007) ("To establish a prima facie case that a manufacturer's breach of its duty to warn was a proximate cause of an injury sustained, a plaintiff must present evidence that the product would have been used differently had the warnings been given.") This argument fails for two reasons. First, although plaintiff did not read the manual, her husband did and she relied on him for direction on how to use the treadmill. And if the manual contained explicit safety warnings relating to the clearances, plaintiff's husband may have advised her that the treadmill needed to be moved further away from the wall. Second, plaintiff's failure-to-warn theory does not pertain solely to the manual. As discussed, plaintiff also claims that a warning should have been placed on the treadmill; plaintiff's failure to read the manual has no bearing on that claim.

Moreover, while ICON emphasizes plaintiff's failure to use the safety clip and other matters such as her being on prescription medication at the time of the accident, a plaintiff's contributory negligence does not bar recovery in a products liability case. See MCL 600.2958. Rather, any recovery of damages will be reduced by the plaintiff's comparative fault, see MCL 600.2959, which will be determined by the jury, see *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 323-324; 661 NW2d 248 (2003); MCL 600.2957(1).

In sum, I conclude that it was reasonably foreseeable to ICON that the treadmill would be used without the safety clip and placed in a position with inadequate clearance. Accordingly, the trial court erred by granting summary disposition on the basis of MCL 600.2947(2). Further, I conclude that reasonable minds could differ whether ICON adequately warned plaintiff of the entrapment danger. It is for a jury to determine plaintiff's comparative fault.

/s/ Douglas B. Shapiro